In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3574

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH J. RANEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 12-cr-00100 — **William M. Conley**, *Chief Judge.*

ARGUED NOVEMBER 3, 2016 — DECIDED DECEMBER 1, 2016

Before BAUER, MANION, and HAMILTON, *Circuit Judges.*

MANION, *Circuit Judge.* Kenneth Raney appeals for the second time the district court's decision to impose an additional two-year term of supervised release after revoking his previous release term. We vacated Raney's initial sentence because the district court did not provide any justification for the length of the supervised release term. On remand, the court has adequately explained its decision. Raney has also waived

his challenge to the supervised release condition to which he objects. Therefore, we affirm.

## I. Background[1]

In 2001, Kenneth Raney was convicted of transportation of a minor with intent to engage in a sexual act and attempt to manufacture child pornography. The district court sentenced him to a term of 145 months' imprisonment, which ended on February 10, 2012. Thereafter, he began serving three years of supervised release.

However, midway through his release term, the district court found that he had violated the terms of that release by possessing a memory stick and maintaining contact with a convicted felon without his probation officer's consent. The court warned Raney that any future violations would result in revocation of his supervised release.

Raney was back in court a year later. At this revocation hearing, the district court found that he had violated his supervised release conditions in several ways. These included taking several unauthorized day trips with a female acquaintance and her two minor children. All told, Raney had about four months of access to minors without the knowledge of his probation officer. This time, the district court revoked his supervised release and sentenced him to nine months' imprisonment followed by another two years of supervised release.

On appeal, we affirmed the district court's revocation decision, but vacated the sentence. Because the district court did

---

[1] We provided a more detailed recitation of the facts of Raney's case in his first appeal. *See United States v. Raney*, 797 F.3d 454 (7th Cir. 2015) (*Raney I*).

not explain its decision to impose two years of supervised release, we were "unable to review the propriety of the district court's decision." *Raney I*, 797 F.3d at 467. Although we found that the district court had "arguably justified its selection of the nine month term of imprisonment," we vacated the entire sentence and remanded for resentencing in light of our opinion. *Id.*

On remand, the district court imposed the same sentence. Because Raney's term of imprisonment had already ended by the time of his resentencing hearing, the sole effect of the resentencing was to reinstate the two years of supervised release under the same conditions as before. Raney once again challenges the procedural soundness of his sentence. He also appeals the imposition of a condition of supervised release that requires him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics."

## II. Discussion

### A. Procedural Soundness

"Our review of a sentence for violating a term of supervised release is highly deferential, and we will uphold that term unless it is 'plainly unreasonable.'" *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014) (quoting *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007)). We require only that the district court "*say something* that enables [us] to infer that [it] considered" the U.S. Sentencing Guidelines policy statements and the 18 U.S.C. §§ 3553(a) & 3583(e) sentencing factors. *United States v. Ford*, 798 F.3d 655, 663 (7th Cir. 2015) (quoting *United States v. Robertson*, 648 F.3d 858, 859-60 (7th Cir. 2011)). The district court "need not consider the Section

3553 factors in check-list form." *Id.* (quoting *Jones*, 774 F.3d at 404). Nor must it make specific factual findings on each sentencing factor, as long as the overall record reveals that the court considered the factors. *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005).

The statutory sentencing factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to deter future crime, protect the public, and provide the criminal with necessary services such as education and medical treatment; (4) Sentencing Commission recommendations regarding sentencing range; (5) Sentencing Commission policy; and (6) sentence consistency for similar violations. *See id.* The policy statements provide recommended sentencing ranges for supervised release violations that are non-binding and meant to "inform[] rather than cabin[] the exercise of the judge's discretion." *Id.* (quoting *United States v. Salinas*, 365 F.3d 582, 588 (7th Cir. 2004)).

The sentencing transcript indicates that the district court considered the heinous nature of Raney's initial offenses; his history and characteristics (particularly his status as a sex offender); the need for deterrence; the need to protect the public; and the need to provide for Raney's rehabilitation. The court further noted that two years of supervised release was appropriate because Raney had failed to heed the terms of his release before and had not shown he was not a threat to do so again. It also hoped that the two-year term would help reduce his risk of recidivism. Finally, the court confirmed that it had considered the Sentencing Commission's policy statements. Simply put, the district court said more than enough to make it certain that it considered the relevant factors. We will not disturb the supervised release term.

### B. Supervised Release Condition

Raney also challenges Supervised Release Condition 11. As noted above, the condition requires him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." The government concedes that under our decision in *United States v. Bickart*, 825 F.3d 832, 841–42 (7th Cir. 2016), the condition is impermissibly vague. However, the government argues that Raney waived any objection to this condition by failing to raise it at the re-sentencing hearing.

As we recently explained, a purposeful decision to object to some conditions but not challenge others is the "touchstone of waiver" because it indicates "a knowing and intentional decision." *United States v. Bloch*, 825 F.3d 862, 873 (7th Cir. 2016) (quoting *United States v. Armour*, 804 F.3d 859, 865 (7th Cir. 2015)). When the district court allows the defendant an opportunity to challenge conditions of supervised release, the defendant waives any objection to conditions to which he fails to object. *See United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). Waiver "works to 'extinguish[] any error and precludes appellate review.'" *Bloch*, 825 F.3d at 873 (quoting *Armour*, 804 F.3d at 865).

That is precisely what happened here. The sentencing transcript shows that the district court considered objections to several proposed conditions of supervised release. But Raney never raised an objection to the third-party notification condition. If he had concerns about that condition, "he should have brought them to the district court's attention rather than waiting until appeal to complain for the first time." *Gabriel*, 831 F.3d at 814. We hold that Raney waived his objection to Supervised Release Condition 11.

### III. Conclusion

For the reasons set forth above, we conclude that the district court adequately explained its choice of a two-year term of supervised release and that Raney waived his challenge to the third-party notification condition by not raising it at his resentencing.

AFFIRMED.