In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2180

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH SANDIDGE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:12-cr-00159-RL — **Rudy Lozano**, *Judge*.

ARGUED JANUARY 11, 2017 — DECIDED JULY 17, 2017

Before FLAUM, EASTERBROOK, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Kenneth Sandidge pleaded guilty to possessing a firearm as a felon, *see* 18 U.S.C. § 922(g)(1), and now challenges his sentence for a second time. When the case was last here, we rejected most of his claims of error but remanded for resentencing in light of our recent line of cases requiring a particularized explanation of conditions of supervised release. *United States v. Sandidge*, 784 F.3d 1055, 1067–70 (7th Cir. 2015); *see United States v. Kappes*, 782 F.3d

828 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015); *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014).

On resentencing the judge imposed revised conditions of supervised release, including a condition prohibiting the "excessive use of alcohol," defined as including "any use of alcohol that adversely affects [the] defendant's employment, relationships, or ability to comply with the conditions of supervision." Sandidge objected to this condition as impermissibly vague, but the judge overruled the objection. Sandidge now appeals, reiterating his vagueness challenge.

Vagueness doctrine is rooted in the constitutional guarantee of due process and requires that legal mandates be clear enough to give fair notice to those who must comply and to guard against arbitrary enforcement. The "adversely affects" language is loose and indeterminate, raising concerns about arbitrariness in enforcement. But the problem can be solved by adding a materiality requirement. We modify the condition to prohibit the use of alcohol that "*materially* adversely affects the defendant's employment, relationships, or ability to comply with the conditions of supervision." As modified, we affirm the judgment.

## I. Background

The facts underlying Sandidge's conviction are detailed in our first opinion. *See Sandidge*, 784 F.3d at 1057–60. Only a brief summary is needed here. Law-enforcement officers in Lake County, Indiana, found a loaded revolver in Sandidge's living room while investigating a report that he attempted to sexually assault a woman at gunpoint. Sandidge pleaded guilty to possessing a firearm as a felon, *see* § 922(g)(1), and

the judge imposed a sentence of 92 months in prison followed by two years of supervised release. Sandidge has a history of alcohol abuse, and his drinking played a role in the circumstances that led to his arrest for the § 922(g)(1) offense and in his earlier criminal conduct. So the probation office recommended a special supervised-release condition prohibiting the use of any mood-altering substance. The judge imposed this condition along with several others.

Sandidge's first appeal raised a number of issues relating to the application of enhancements under the Sentencing Guidelines and also a challenge to the judge's approach to the conditions of supervised release. We found no error in the Guidelines calculation but vacated the sentence and remanded for resentencing because the judge did not adequately explain the supervised-release conditions as required by recent circuit caselaw. *Sandidge*, 784 F.3d at 1063–69. We also noted that the special condition prohibiting "mood-altering substances" was impermissibly vague and overbroad. *Id.* at 1069 (citing *Siegel*, 753 F.3d at 713–15).

On remand the judge imposed revised conditions of supervised release. As relevant here, the conditions include a prohibition on the "excessive use of alcohol," defined as follows:

> This includes "binge drinking" and "heavy drinking." "Binge drinking" is defined as a pattern of drinking that brings blood alcohol concentration levels to 0.08 grams per deciliter or higher. "Heavy drinking" is defined as "consuming fifteen drinks or more per week," or *any use of alcohol that adversely affects [the] defendant's employment, relationships, or ability to*

*comply with the conditions of supervision*, or which results in the violation of any local, state, or federal laws including disorderly intoxication or driving under the influence. (Emphasis added.)

Sandidge lodged a vagueness objection to the highlighted language in this condition, but the judge rejected it. The case now returns to us on that issue alone.

## II. Analysis

We ordinarily review contested supervised-release conditions for abuse of discretion, *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016), but a vagueness challenge is a legal question on which we owe no deference to the district court; our review is de novo, *United States v. Kahn*, 771 F.3d 367, 375 (7th Cir. 2014); *see also Cooper Indus. v. Leather Tool Grp.*, 532 U.S. 424, 435 (2001). Vagueness doctrine is a component of the Constitution's guarantee of due process and "rests on concerns about fair notice and arbitrary enforcement." *United States v. Jones*, 689 F.3d 696, 701 (7th Cir. 2012), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2552 (2015).

This is not the first time we have addressed vagueness concerns about alcohol-related conditions of supervised release. In *Siegel* we vacated a supervised-release condition prohibiting the consumption of "mood-altering substances" and "excessive use of alcohol." 753 F.3d at 715. As an aside, we noted that the U.S. Probation Office routinely provides to defendants on supervised release an orientation brochure that contains a definition of the phrase "excessive use of alcohol." *See id.* That definition, which we quoted, uses

language identical to the condition at issue here. We observed in passing that the "adversely affects" part of the definition is unclear, *id.* at 715–16, but the definition was not itself before the court so we considered the matter no further.

The government suggests that a passage in *United States v. Baker* can be read as a tacit endorsement of the language at issue here. 755 F.3d 515, 524 (7th Cir. 2014). Not so. The condition at issue in *Baker* prohibited *any* use of alcohol, and the government conceded that the defendant's circumstances didn't justify it. *Id.* We vacated and remanded to allow the district court to craft a more narrowly tailored condition. To guide the proceedings on remand, we traced the dicta from *Siegel* but specifically reserved judgment on whether the "adversely affects" language would withstand a vagueness challenge. *Id.*

Now that the "adversely affects" language is squarely before us, incorporated into a criminal judgment and backed by a sanction of revocation and reimprisonment, we must decide whether it survives review for vagueness. The condition covers "any use of alcohol that adversely affects [the] defendant's employment, relationships, or ability to comply with the conditions of supervision." This open-ended and indeterminate language indeed raises concerns about fair notice to defendants trying to comply and leaves room for arbitrary enforcement by supervising agents.

What qualifies as an "adverse" effect on a defendant's relationships, employment, or compliance capabilities? Do minor or attenuated effects count? If Sandidge is five minutes late to work because he had a few drinks the night before and overslept, has he violated the condition? What if a friend who is a teetotaler takes offense when Sandidge

consumes *any* amount of alcohol in his presence? Does that count? How about a falling-out with a friend after a single beer? The capacious and indefinite language of this condition leaves the boundaries uncertain and allows room for arbitrariness to creep in.

The unchallenged parts of the definition do not cabin the "adversely affects" language. The definition also prohibits (1) a specific number of drinks per week; (2) alcohol consumption resulting in a specific blood-alcohol concentration; and (3) alcohol consumption resulting in conduct that violates the law. These terms are sufficiently clear, *see Siegel*, 753 F.3d at 715, but they are *alternative* definitions of "excessive use," wholly separate from the "adversely affects" clause. They do not purport to operate as limiting principles.

A limiting principle is needed. The concerns we expressed in *Siegel* about the lack of clarity in the "adversely affects" language can be adequately addressed by adding the modifier "materially," which the Supreme Court has upheld against a vagueness challenge—even when the topic of regulation is speech. *See Thomas v. Chicago Park Dist.*, 534 U.S. 316, 324–25 (2002). The concept of "material adverse effects" is sufficiently clear and provides a familiar and administrable standard to guard against arbitrary enforcement. This ready fix cures the vagueness problem first identified in *Siegel*.

Accordingly, we modify the definition of "excessive use of alcohol," replacing the "adversely affects" language with the following: "any use of alcohol that materially adversely affects the defendant's employment, relationships, or ability to comply with the conditions of supervision." As modified,

the condition is not impermissibly vague. The rest of the definition is unchallenged.

JUDGMENT MODIFIED; AS MODIFIED, AFFIRMED.