**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019
Decided February 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2988

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:04-CR-40043-SMY-14 |
| JAMIE L. VAUGHN, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Jamie Vaughn pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute methamphetamine. See 21 U.S.C. § 841. After completing his term of incarceration, he began serving 10 years of supervised release. Vaughn violated his terms of supervised release in 2016 and again in 2017. He now appeals the 48-month prison sentence that he received for the 2017 violation. His lawyer, however, moves to withdraw from the appeal, arguing that it is frivolous. See *Anders v. California*, 386 U.S. 738 (1967). We grant the motion to withdraw and dismiss the appeal.

Vaughn's first supervised-release violation occurred shortly after his release in 2016. He admitted to the district court that he violated his terms of release. As a result, the court revoked his release and sentenced him to 12 months in prison followed by 36 more months of supervised release.

The second violation occurred less than a year after the start of his second term of supervised release in 2017. At his initial appearance for the violation, the district court told Vaughn that the maximum term of imprisonment for his violation was 48 months. Vaughn later admitted at his revocation hearing that he unlawfully possessed a controlled substance (methamphetamine), failed to report to his probation officer, drank alcohol while in substance-abuse treatment, and violated location-monitoring rules. The government also told the judge that Vaughn's probation officer was prepared to testify about two statements that Vaughn had made to her: First, Vaughn said that he did not want substance-abuse treatment and that he had told the court that he was interested in treatment only to evade incarceration; and second, he called the judge a vulgar racial slur. The government then mentioned the maximum penalty of 48 months and recommended 36 months' incarceration (above the top end of the guideline range of 21 to 27 months). The judge sentenced Vaughn to 48 months' incarceration with no further supervised release.

A defendant facing revocation of supervised release typically does not have a constitutional right to counsel unless he has a serious claim that he did not violate the supervised-release conditions or has a mitigating argument that would be hard to raise without counsel. See *Gagnon v. Scarpelli*, 411 U.S. 778, 790–91 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). Because Vaughn admitted to violating a condition of release and does not offer a complex mitigating argument, we are not obligated to apply the *Anders* safeguards. See *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). But in an abundance of caution, we apply them anyway. See *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal like this might be expected to involve. Because the analysis appears thorough and Vaughn has not responded to counsel's motion, see CIR. R. 51(b), we limit our review to the subjects she discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Vaughn could argue that the district court abused its discretion or committed plain error in revoking his supervised release. A judge must revoke supervised release if she finds that the defendant possessed a

controlled substance. 18 U.S.C. § 3583(g); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Vaughn admitted to his probation officer and the court that he had possessed methamphetamine. It would therefore be frivolous to challenge the revocation unless he could argue that the admission was unknowing or involuntary. Counsel ponders this potential argument, noting that the district judge did not tell Vaughn at the revocation hearing that the maximum penalty was 48 months in prison. But, after considering the totality of the circumstances, *United States v. LeBlanc*, 175 F.3d 511, 517 (7th Cir. 1999), she correctly concludes that the argument would be pointless. The district court explained the statutory maximum term of incarceration at Vaughn's initial appearance, the government discussed the maximum penalty at the sentencing hearing, and Vaughn displayed no confusion or equivocation during either proceeding. See *id.* Challenging the revocation on that basis, therefore, would be frivolous.

Next, counsel explores a challenge to Vaughn's sentence as substantively unreasonable. Our review of a sentence for violating the terms of supervised release is highly deferential, and we agree with counsel that we would not consider Vaughn's sentence plainly unreasonable. See *United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016). The judge reasonably explained that the sentence was justified because of (1) Vaughn's lengthy criminal history and repeated failures to stay off drugs; (2) the leniency in the original sentence, which warranted an upward variance at revocation, see U.S.S.G. § 7B1.4 cmt. n.4; and (3) the failure of alternatives to incarceration. See 18 U.S.C. §§ 3553(a), 3583(e); *Raney*, 842 F.3d at 1043. Additionally, the judge permissibly observed that Vaughn's disrespect for the criminal justice system—his statements to his probation officer that he lied to the court—warranted a deviation from the guideline range of 21 to 27 months. See 18 U.S.C. § 3553(a)(6).

Counsel also considers whether Vaughn could challenge his sentence based on the judge's failure to recuse herself after learning that Vaughn had called her a racial epithet. The judge reasonably found that Vaughn's statements did not affect her judgment. See *Liteky v. United States*, 510 U.S. 540, 555 (1994). And we would not create a per se rule of disqualification that would allow defendants to judge-shop by insulting their assigned judge. See *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005). Thus, we agree with counsel that the argument would be frivolous.

Finally, counsel properly determines that any claim of ineffective assistance of counsel would not be appropriate on direct appeal; that argument is better saved for collateral review. See *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.