In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2447

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DAVID TJADER,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17CR00100-001 — **William M. Conley**, *Judge*.

ARGUED APRIL 24, 2019 — DECIDED JUNE 12, 2019

Before KANNE, HAMILTON, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. In this appeal, David Tjader challenges several conditions of his supervised release on grounds he did not raise in the district court. Because he waived these challenges, we affirm.

Tjader purchased child pornography online from sellers in the Philippines. He asked one seller about recordings of girls

under 14 years old being tortured, raped, or killed. His conduct involved over 250 different pornographic images and videos of prepubescent girls. Tjader pleaded guilty to one count of receiving child pornography. *See* 18 U.S.C. § 2252(a)(2),(b)(1).

A United States probation officer prepared a presentence investigation report and a supervision plan. Tjader received a copy of this plan and confirmed with the district court that, before sentencing, he reviewed and understood it. As part of the plan, the probation officer proposed the following supervised-release terms—terms that Tjader now challenges on appeal:

- Condition 1: Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.

- Condition 2: Defendant … shall … follow the [probation] officer's instructions … .

- Condition 11: As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics … .

- Condition 12: Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.

- Condition 16: As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations, which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, … .

- Condition 17: Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic

or electronic communication with any such person … . This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

- Condition 18: Not work in any occupation, business or profession, or participate in any volunteer activity where he has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

Tjader initially objected to only two of these conditions relevant to this appeal. First, he argued that Condition 12 (requiring that he provide financial information upon request) was an "excessive intrusion" and "not rationally designed to supervise him" because his crime was not financial in nature. Second, he argued that Condition 16 (requiring psychosexual evaluation and potentially counseling) was impermissible to the extent that it authorized Abel Screening and plethysmograph examinations (tests that measure sexual interest) and polygraph tests because those tests, he said, must be shown to be reliable under *Daubert* before they could be used. (Tjader objected to other conditions as well, but he does not challenge them on appeal.)

The court addressed Tjader's objections in detail, overruled them, and adopted the proposed conditions. The court then asked Tjader whether it should read and justify the remaining conditions or adopt the supervision plan's recitation of them and their explanations. Tjader responded that he "waive[d] the reading of any justification of the additional conditions that [he] did not object to." He also acknowledged that he reviewed the conditions with counsel and that he understood them and their justifications. The court sentenced

Tjader to seven years in prison and ten years of supervised release, and it ordered him to pay restitution.

On appeal, Tjader again challenges Condition 12 (the financial-monitoring condition) and Condition 16 (the evaluation and treatment condition), but he does so on new grounds. For Condition 12, rather than argue as he did in the district court that it is unduly burdensome, he now asserts that the district court gave inadequate reasons for imposing it. For Condition 16, he now primarily argues that the court impermissibly delegated its authority to non-judicial actors. He also contests other conditions for the first time.

We review preserved arguments for abuse of discretion and forfeited ones for plain error. *See United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016). Waived arguments—those that are intentionally relinquished—we cannot review at all. *See United States v. Bloch*, 825 F.3d 862, 873 (7th Cir. 2016).

Tjader waived all of his appellate arguments against the supervisory conditions. When a defendant has received advanced notice of conditions of supervised release and is invited to object to them in the district court, a "failure to object … can amount to waiver." *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016); *see also United States v. Raney*, 842 F.3d 1041, 1044 (7th Cir. 2016). Tjader had advanced notice of the conditions because they were in the supervision plan, which he received before sentencing. *See United States v. Gumila*, 879 F.3d 831, 838 (7th Cir. 2018); *United States v. Lewis*, 823 F.3d 1075, 1082 (7th Cir. 2016). The district court also confirmed that Tjader had time to review them and that he understood them. *See Gumila*, 879 F.3d at 838; *Bloch*, 825 F.3d at 873. And before sentencing, when the district court invited Tjader to present his objections to the conditions, Tjader raised some

objections (not raised on appeal), but not others. We may infer from his choice to raise these other objections that his decision not to raise the ones he now advances on appeal was strategic and intentional. *See Gumila*, 879 F.3d at 838; *United States v. Ranjel*, 872 F.3d 815, 821–22 (7th Cir. 2017). Tjader's decision to waive an explanation of the remaining conditions—noting that he understood those conditions and their justifications— confirmed his intent. *See Lewis*, 823 F.3d at 1083. This conduct resulted in a waiver of Tjader's appellate challenges.[1]

Accordingly, we AFFIRM the district court's judgment.

---

[1] Tjader argues, and the government agrees, that the mandate to notify "third parties" of "the risks" that his "history" and "characteristics" pose is vague. Tjader's waiver of this point is dispositive. *See Raney*, 842 F.3d at 1044. We do, however, note that Tjader may later seek modification of this condition. *See* 18 U.S.C. § 3583(e); *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016) (per curiam). As the district court informed Tjader at sentencing, he can ask the court to modify his conditions after he is released to the extent such modifications are appropriate.