In the

# United States Court of Appeals

## For the Seventh Circuit

───────────────

Nos. 18-1870 & 18-3096

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MITREL Y. ANDERSON and RAYSHAUN ROACH,

*Defendants-Appellants.*

───────────────

Appeals from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cr-92 — **James D. Peterson**, *Chief Judge.*
No. 3:17-cr-103 — **William M. Conley**, *Judge.*

───────────────

ARGUED DECEMBER 18, 2019 — DECIDED JANUARY 30, 2020

───────────────

Before HAMILTON, BRENNAN, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* We have before us criminal de-
fendants contending for the first time on appeal that a condi-
tion of their terms of supervised release is unconstitutionally
vague. We have seen scores of similar appeals in the last six
years. And in a series of recent opinions, we have held—in no
uncertain terms—that a defendant who receives an oppor-
tunity to object to a proposed condition of supervised release

at sentencing but fails to do so waives his objection. That binding precedent is the law of the Circuit. It resolves these appeals, so we affirm.

Mitrel Anderson and Rayshaun Roach each pleaded guilty to federal drug crimes and were sentenced to terms of imprisonment and supervised release. Before their sentencings, both defendants received Presentence Investigation Reports (or PSRs) that proposed, among others, a supervised release condition providing that they "not patronize any taverns, bars, liquor stores, nightclubs or other establishments where the primary item of sale is alcohol." While Anderson and Roach both objected in writing to certain supervised release conditions, with Anderson also contending that an alcohol condition was unnecessary, neither defendant raised a concern that the alcohol condition was unconstitutionally vague.

At their sentencings, both defendants confirmed that they had read their PSRs, reviewed the reports with their counsel, and waived an oral reading of the proposed supervised release conditions. But at no point during sentencing did either defendant say anything about the alcohol condition being vague.

So this makes us the first court to hear Anderson and Roach's argument that the alcohol condition is vague and overbroad. And this is so despite both defendants having had ample opportunity to present this argument to the district court. But neither did. Our law is unambiguous that under these circumstances, the argument is waived.

In *United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019), we held that a defendant waives an objection to a condition of supervised release "when the defendant has notice of the

proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object." Before the court decided *Flores*, the panel invoked Circuit Rule 40(e) and circulated the opinion to all judges in active service, and no judge voted to hear the case *en banc*. See *id*. at 450 n.1.

The defendants seek to sidestep *Flores* by arguing that it is inconsistent with our prior precedent. In a series of decisions beginning in 2014, we often excused or overlooked defendants' failures to raise vagueness and other supervised release challenges in the district court, particularly if the defendants had not had clear advance notice of the proposed conditions and the reasons for them. See, *e.g.*, *United States v. Thompson*, 777 F.3d 368, 377–78 (7th Cir. 2015); *United States v. Siegel*, 753 F.3d 705, 714 (7th Cir. 2014). Before those decisions, however, we had most often applied ordinary standards of appellate review, waiver, and forfeiture to issues concerning supervised release. See, *e.g.*, *United States v. Silvious*, 512 F.3d 364, 370–71 (7th Cir. 2008); *United States v. Blinn*, 490 F.3d 586, 588–89 (7th Cir. 2007); *United States v. Tejeda*, 476 F.3d 471, 475–76 (7th Cir. 2007). To reconcile the tension in our approaches, we began to refine waiver rules, and that effort culminated in *Flores*. The Rule 40(e) circulation in *Flores* reinforces that our decision reflects the law of the Circuit. See *United States v. Ray*, 831 F.3d 431, 435–36 (7th Cir. 2016) (stating that precedents inconsistent with the outcome of a Rule 40(e) decision, used to address inconsistencies in circuit law, "have no continuing force").

*Flores*, in short, clarified and made plain that a defendant who waives a challenge to a supervised release condition will be stuck with the waiver. We have reinforced and adhered to this holding many times in *Flores*'s wake. See, *e.g.*, *United States v. Dodds*, No. 19-1135, 2020 WL 132749, at *3 (7th Cir. Jan. 13, 2020) (applying waiver where the defendant selectively objected to supervised release conditions); *United States v. Fisher*, 943 F.3d 809, 815 (7th Cir. 2019) (following the same path where defendant objected to none of the conditions challenged on appeal); see also *United States v. Tjader*, 927 F.3d 483, 485–86 (7th Cir. 2019) (pre-dating *Flores* but applying waiver where defendant challenged conditions on new grounds); *United States v. St. Clair*, 926 F.3d 386, 388–89 (7th Cir. 2019) (finding a clear waiver where defendant objected to none of the conditions). Put most simply, *Flores* was not a mistaken fluke—it is controlling law.

Anderson and Roach waived their argument that the alcohol condition was unconstitutionally vague in nearly every way that *Flores* identifies:

- Both defendants received advance notice of the proposed condition in their PSRs, but then both failed to raise the vagueness argument in their written objections, despite presenting other challenges; and

- Both defendants likewise confirmed at sentencing that they had read their PSRs and waived a formal reading of the supervised release conditions and from there raised no argument concerning vagueness when asked if they had any objections.

Having allowed the opportunities to make their argument pass them by, the defendants waived it. Nor is this the "rare and limited instance" when we may choose to overlook a waiver because the challenged condition concerns activity protected by the First Amendment. See *Flores*, 929 F.3d at 450 (citing *United States v. Adkins*, 743 F.3d 176, 192–94 (7th Cir. 2014)).

In reinforcing that *Flores* reflects the law of the Circuit, in no way are we questioning whether unconstitutional vagueness is a proper ground on which to challenge a supervised release condition. It surely is. Today's decision reinforces the more limited but important point that such challenges must first be raised in the district court. Because that did not happen here, we AFFIRM.