**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2020
Decided June 5, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3017

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-cr-10063-002 |
| NICHOLAS HAND, *Defendant-Appellee*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Nicholas Hand pleaded guilty in 2015 to conspiring to manufacture methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to time served with four years of supervised release. Near the tail end of Hand's term of supervision, the probation office petitioned to revoke his release based on two alleged violations: possessing and using methamphetamine, and beating someone with a baseball bat. (The latter resulted in a two-year sentence in state prison for aggravated battery.) After Hand admitted to both violations at a hearing, the district judge revoked his supervised release and sentenced him to 18 months in prison (to be served consecutive to his state sentence) with no further supervised release.

Hand filed a notice of appeal, but his lawyer asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). A defendant who appeals a revocation order does not have an unqualified constitutional right to counsel, so the *Anders* safeguards need not govern our review. *Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973). Even so, our practice is to apply them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. Because counsel's analysis appears adequate, we limit our review to the subjects he discusses and those that Hand raises in response. *See* 7TH CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not tell us, as he should, whether Hand wishes to challenge the revocation decision or the admissions upon which it was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). It appears, though, that Hand does not want to challenge either the revocation or his admissions: In both his Rule 51(b) response and in a letter to the district court after the revocation hearing, Hand objects only to his sentence. In any case, Hand could not raise on appeal a plausible challenge to revocation. A judge *must* revoke supervised release if the judge finds that the defendant possessed a controlled substance, 18 U.S.C. § 3583(g); *United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014), and Hand admitted to such possession in the district court and does not retract his admission on appeal.

Counsel first explores whether Hand could raise any nonfrivolous challenge to the calculation of his imprisonment range but correctly concludes that he could not. Hand did not object to the judge's calculation, which was based on the policy statement of the Sentencing Guidelines, so our review would be for plain error. *See Wheeler*, 814 F.3d at 857. The judge correctly determined that Hand's aggravated battery conviction, his most serious violation, qualifies as a Grade A violation under U.S.S.G. § 7B1.1(a). *See* 720 ILL. COMP. STAT. 5/12-3.05. Based on this classification and a criminal-history category III from Hand's original sentencing, the judge correctly calculated the policy-statement range to be 18 to 24 months in prison. *See* U.S.S.G. § 7B1.4(a). And the judge's order that Hand serve the term of federal imprisonment after his new state sentence is also consistent with the relevant policy statement. *See id*. § 7B1.3(f).

Next, counsel considers whether Hand could reasonably challenge his 18-month sentence as substantively unreasonable but rightly concludes that he could not. Our review would be highly deferential, asking only whether the sentence was plainly unreasonable. *See United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016). We would

not consider it plainly unreasonable. The district judge sentenced Hand at the bottom of the Guidelines' policy-statement range, so we may and do presume the sentence to be reasonable. *Rita v. United State*s, 551 U.S. 338, 347–51 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Nothing in the record would rebut that presumption. The judge adequately explained the factors that went into her decision, including (1) the serious nature of Hand's continued drug use; (2) the mitigating factors of his success in "taking care of [his] kids" and his role as the "stable" parent; and (3) the "extraordinary variance" that he received at his original sentencing (time served instead of the five-year mandatory minimum for manufacturing methamphetamine, 21 U.S.C. § 841(b)(1)(B)). *See* 18 U.S.C. § 3553(a); *Raney*, 842 F.3d at 1043. Because Hand's original sentence was a downward variance from the Guidelines, the policy statement suggests that an upward variance for the violations of supervised release may be warranted. *See* U.S.S.G. § 7B1.4 cmt. n.4. But the judge did not impose an upward variance, thus further establishing that Hand could not plausibly attack his sentence as unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.