NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021
Decided February 23, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2489

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 15-CR-30068-NJR-01 |
| KEVIN WALKER, *Defendant-Appellant*. | Nancy J. Rosenstengel, *Chief Judge*. |

**O R D E R**

Kevin Walker seeks to challenge the district court's revocation of his supervised release, as well as the 18-month prison sentence it imposed. His attorney moves to withdraw, arguing that the appeal is frivolous. The Constitution does not guarantee counsel in a revocation proceeding if the defendant concedes the alleged violations and does not contest revocation or assert substantial and complex arguments in mitigation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–33 (7th Cir. 2006). But Walker did contest revocation, and when a defendant does so our practice is to apply the safeguards of *Anders v. California*, 386 U.S. 738 (1967), in reviewing counsel's motion to withdraw. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the issues

that an appeal of this kind might involve. Because counsel's analysis appears thorough, and Walker did not respond to the motion, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We conclude that the appeal is frivolous, grant the motion, and dismiss the appeal.

Walker's 3-year term of supervised release began in April 2019, after a 4-year prison term for unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g). Within 2 weeks of his release, urinalysis results showed that Walker had recently used marijuana, in violation of a condition of release. A few weeks later, Walker admitted to using marijuana a second time. He enrolled in substance-abuse and mental-health treatment programs, and the conditions of his release were modified to require participation in the latter. But over the next 4 months, he twice failed to attend that program, as the program's records reveal. He also failed to meet with his probation officer (as required), failed to submit to mandatory drug testing, and left the judicial district without permission. The district court then held a hearing to warn Walker that if he did not comply with his release conditions, his release would be revoked. The probation office also supplied Walker with public transportation vouchers to help him get to his meetings and treatment programs. But Walker did not attend them. He also failed to make many monthly payments toward his court-ordered financial obligations; he failed to submit required monthly activity reports to his probation officer; in January 2020, he did not tell his probation officer that he had been fired from his job, as was required; and that month he again tested positive for marijuana use.

The probation office petitioned to revoke Walker's supervised release. At a contested hearing, two probation officers swore to the facts described above and supplemented their testimony with urinalysis and treatment-program reports. Walker did not testify, instead relying on counsel's cross-examination of the witnesses. Afterward, the district court found that Walker had violated his conditions of release by using marijuana; leaving the district without permission; and failing to report to his probation officer, attend treatment sessions, submit monthly activity reports, and pay down his monthly court-ordered obligations. The court then revoked his release.

Sentencing came next. The court determined that Walker's violations were Grade C—the lowest violation level—and his criminal history category was IV; from this, it calculated an advisory sentence range of 6 to 12 months in prison and up to 36 months' supervised release. In an allocution, Walker asked for a light sentence. He asserted that he had been unable to comply with his release conditions because he did not have transportation and misunderstood his obligations. He accused his probation

officers of misinforming him about those obligations, "maliciously prosecuting" him, and causing him to lose his job, his car, and "nearly his mind." The government sought a higher-end sentence, arguing that Walker had lied, failed to take responsibility, and posed a risk to the public because of his prior convictions for battery and home invasion. The court ruled that Walker posed a high risk of violating supervised release again, given his failure to heed warnings, and sentenced him to 18 months in prison with no follow-on term of supervised release.

Counsel first considers whether Walker could plausibly challenge the sufficiency of the evidence supporting the findings that he violated the conditions of his release, but rightly concludes he could not. Under 18 U.S.C. § 3583(e)(3), the government may prove alleged violations with a preponderance of the evidence. The undisputed evidence here easily met that standard. Probation officers testified without contradiction to Walker's violations, and the government backed up their testimony with documentary evidence—Walker's positive urinalysis results, reports from Walker's treatment program, and court reports showing no payments made on his financial obligations. Under the deferential standard that we apply to credibility determinations, Walker could not reasonably argue that the court wrongly credited the officers' testimony. *See United States v. Collins*, 604 F.3d 481, 486 (7th Cir. 2010).

Counsel then considers whether Walker could plausibly challenge the court's calculation of his imprisonment range, but correctly concludes that he could not. Walker did not object to the district court's calculation, so our review would be for plain error. *See Wheeler*, 814 F.3d at 857. The district court correctly ruled that Walker's violations were all Grade C. *See* U.S.S.G. § 7B1.1(a)(3). Based on this classification and Walker's undisputed criminal history category, the court correctly calculated the policy-statement guidelines range of 6 to 12 months in prison. *See* U.S.S.G. § 7B1.4(a).

Counsel also rightly concludes that Walker could not reasonably contest the prison term of 18 months. Review is deferential; we ask only whether the sentence is plainly unreasonable. *United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016). Because Walker's underlying offense is a Class C felony, *see* 18 U.S.C. §§ 922(g), 924(a)(2), and 3559(a)(3), he faced up to two years in prison for his violations, *see* 18 U.S.C. § 3583(e)(3). The guidelines recommended a lesser sentence, but the recommendation was not binding. *See United States v. Dawson*, 980 F.3d 1156, 1166 (7th Cir. 2020). A district court reasonably explains an above-guidelines variance when it assures us that it considered the Sentencing Guidelines' policy statements and 18 U.S.C. § 3553(a). *Raney*, 842 F.3d at 1043.

The district court did so here. It noted Walker's unapologetic allocution and his serious criminal history. 18 U.S.C. §§ 3553(a)(1), (2)(A)–(B); *see also Dawson*, 980 F.3d at 1165. Because he refused to heed the warnings from the non-compliance hearing, the court reasonably found that he was unamenable to supervision. And a within-guidelines prison sentence would have lessened the punishment for his underlying offense, as he would have been released well before the end of his original supervised-release term. Finally, the court reasonably discounted Walker's arguments for mitigation—that he had been unable to comply with conditions of release because he had transportation issues, he misunderstood some obligations, and he held a job for a while. The court had clarified his obligations at the non-compliance hearing; Walker did not need transportation to avoid some violations (like refraining from marijuana use and remaining within the district); and his probation officers gave him travel vouchers to help him get to his required appointments, but he still failed to show up. Thus, because the court "clearly explained the variance decision," it was reasonable. *Id.*

The motion to withdraw is GRANTED, and the appeal is DISMISSED.