NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 16, 2021
Decided July 16, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

THOMAS L. KIRSCH, II, *Circuit Judge*

No. 20-3306

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 05-cr-121-bbc-1 |
| QUINCE D. WRIGHT, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Quince Wright, a federal prisoner, appeals the revocation of his supervised release, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). We agree with counsel that there are no nonfrivolous issues on appeal, so we grant the motion to withdraw and dismiss the appeal.

Wright served 188 months' confinement for conspiracy to distribute methamphetamine, 21 U.S.C. § 841(a)(1), after which he began a three-year term of supervision. In the first year of his supervision, however, he failed several drug tests and pleaded guilty to third-degree sexual assault in violation of Wisconsin Statute

§ 940.225(3)(a). *See Wisconsin v. Wright*, No. 19CF1000 (Wis. Cir. Ct. Sept. 29, 2020). The government sought to revoke his supervised release. After a hearing, the district court found revocation warranted because of his guilty plea and sentenced him to the statutory maximum term of 24 months in prison. *See* 18 U.S.C. § 3583(e)(3).

Wright does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973), so the *Anders* safeguards need not govern our review. Nevertheless, our practice is to follow them. *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind would be expected to involve. Because her analysis appears adequate, and Wright has not responded, *see* Cir. R. 51(b), we focus our review on the issues she discusses in her brief. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not tell us, as she should have, whether Wright wishes to challenge the revocation order or to withdraw any of the admissions upon which that order was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). The omission is harmless, however, because Wright admitted his violations at the hearing. These include the Grade A violation of committing a new felony crime of violence, *see* 8 U.S.C. § 1101(a)(43)(A); U.S.S.G. §§ 4B1.2(a)(2), and several Grade C violations—i.e., possessing and using illegal drugs. *See* U.S.S.G. §§ 5D1.3(a)(1), (4), (d)(4). Because the district court properly found that Wright violated at least one condition of his release by a preponderance of the evidence, *see* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.3(a)(1)–(2), any argument that the court wrongly revoked his release would be pointless. *See United States v. Flagg*, 481 F.3d 946, 948 (7th Cir. 2007).

Counsel does consider whether Wright could challenge the length of his sentence, and rightly concludes he could not. The court correctly calculated a range of 24–30 months' imprisonment under the Guidelines Chapter Seven policy statements, based on Wright's criminal history (Category IV), underlying offense (a class C felony), and most serious violation (Grade A). *See* 18 U.S.C. § 3559(1)(3); U.S.S.G. §§ 7B1.1(b); 7B1.4(a). Although the court initially imposed a 27-month sentence that was consistent with the policy statements but exceeded the 24-month statutory maximum, *see* 18 U.S.C. § 3583(e)(3), it promptly corrected its error and imposed the statutory maximum sentence. The record reflects no "misunderstanding about the statutory maximum." *Wheeler*, 814 F.3d at 857.

Finally, counsel rightly rejects any challenge to the substantive reasonableness of Wright's 24-month prison term. That sentence falls within policy-statement range, so we may presume it to be reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nothing in the record rebuts that presumption. The court acknowledged Wright's positive post-sentencing conduct (obtaining housing and employment and enrolling in college classes) but found these outweighed by the applicable factors under 18 U.S.C. § 3553(a), including the seriousness of his crimes ("I can't just overlook them") and the need to promote respect for the law and deter him and others from similar conduct ("[t]he purpose of this sentence is to hold you accountable for your repeated violations"). The court's explanation reflects that it sufficiently considered the relevant factors and that any challenge on this basis would be frivolous. *See United States v. Raney*, 842 F.3d 1041, 1044 (7th Cir. 2016).

We therefore GRANT the motion to withdraw and DISMISS the appeal.