In the

# United States Court of Appeals

## For the Seventh Circuit

───────────────

No. 24-2015

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DENNIS MCKAY,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cr-00729-1 — **Andrea R. Wood**, *Judge.*

───────────────

ARGUED JANUARY 30, 2026 — DECIDED MAY 20, 2026

───────────────

Before BRENNAN, *Chief Judge*, and ROVNER and HAMILTON,
*Circuit Judges*.

HAMILTON, *Circuit Judge*. Defendant-appellant Dennis
McKay challenges one condition of his future supervised
release. Before and during his sentencing hearing, defendant
did not affirmatively object to that condition. When the
district court specifically asked the parties to justify the
condition, however, defense counsel said it was unwarranted.
The government argues that defendant has waived his legal

arguments on appeal by not raising them before the district court. We conclude that defendant lodged an adequate objection to the condition by saying on the record that it was unwarranted. And *Yee v. City of Escondido*, 503 U.S. 519 (1992), and our own precedents on preserving sentencing issues for appeal allow a party to make new arguments on appeal that support a properly preserved challenge. Defendant's legal challenges to the supervised release condition at issue are not waived.

The challenged condition would require defendant to notify third parties of a "risk" he poses as determined by a probation officer. In other cases, this court has vacated that same condition as impermissibly vague. Both parties agree that if we reach the merits of defendant's argument, remand is appropriate. We therefore vacate the challenged supervised release condition and remand the case to the district court for further proceedings.

I.   *Factual & Procedural Background*

In June 2023, defendant Dennis McKay pled guilty to several charges: three counts of Hobbs Act robbery affecting commerce in violation of 18 U.S.C. § 1951(a) and one count of discharging a firearm in connection to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). In his plea agreement, defendant also stipulated to having committed four additional robberies and to possessing a firearm as a felon.

Before defendant's sentencing hearing, the U.S. Probation Office for the Northern District of Illinois prepared a Presentence Investigation Report. The PSR recommended the following condition, Special Condition 13, of supervised release:

> If the probation officer determines that you pose a risk to another person (including an organization or members of the community), the probation officer may require you to tell the person about the risk, and you must comply with that instruction. Such notification could include advising the person about your record of arrests and convictions and substance use. The probation officer may contact the person and confirm that you have told the person about the risk.

As justifications for the recommended conditions, the PSR cited compliance with statutory factors of deterrence, protection of the public, providing the defendant with effective correctional treatment, and the probation officer's duty to stay informed of defendant's conduct and compliance. Defendant McKay then filed his sentencing memorandum, which contained written objections to two other conditions of supervised release but no objection to Special Condition 13.

At defendant's sentencing hearing, the district judge confirmed with his counsel that he had reviewed the PSR with defendant and confirmed directly with defendant that he had reviewed the PSR with his counsel. Defendant did not lodge any further objections or corrections to the PSR. The district judge sentenced defendant to a prison term of 240 months followed by three years of supervised release.

The judge then reviewed the conditions of supervised release. When the judge reached Special Condition 13, she asked the parties and probation officer about "any particular concern with respect to third-party risk." The probation

officer responded that, given the charged crimes and past crimes of violence, defendant's prior convictions "might be something that needs to be known" by future employers or supervisors. The government then reiterated that the violent nature of defendant's offenses warranted the condition. Defense counsel responded, "Judge, other than the offenses at issue, that there's no real background or the offenses we discussed in sentencing, including the prior stuff, there's no consistent threat of violence towards others."

The district judge decided to impose Special Condition 13, but she added that she would change the condition if she had "any reason to think that a probation officer is abusing this in requiring disclosure of Mr. McKay's situation in a way that makes it hard for him to be a productive person when he's released from custody." The judge also observed, "I'll just note [Special Condition 13] wasn't objected to initially. I did want to give defense counsel a chance to respond after I had heard more from Probation and the government." This appeal followed, challenging only the validity of Special Condition 13 of supervised release.

II. *Analysis*

   A. *Waiver*

We first address whether defendant McKay has waived his challenge to Special Condition 13 altogether by failing to make a sufficient objection to the condition in the district court. The government argues that defendant made a strategic and intentional choice to forgo objecting to Special Condition 13 before sentencing, and that the objection made by defense counsel when asked by the district court was not enough to prevent waiver from applying here. We first

consider whether the record indicates that defendant made a sufficient general objection to Special Condition 13 and then more specifically whether the recorded objection was sufficient to preserve the legal arguments that defendant advances on appeal. The answer to both questions is yes.

As a general matter, an issue is preserved for appellate review when a party timely informs the court of "the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). Failure to make a contemporaneous objection can result in waiver or forfeiture of the argument on appeal. The government argues that defendant McKay waived his challenge to Special Condition 13. Waiver "occurs when a defendant intends (by words or actions) to relinquish a known right." *United States v. Hunt*, 930 F.3d 921, 924 (7th Cir. 2019). We ordinarily evaluate waiver within the context of each case's specific facts and construe waiver principles liberally in favor of the defendant in a criminal case. See *United States v. Butler*, 777 F.3d 382, 387 (7th Cir. 2015).

In *United States v. Flores*, this court sought to clarify our existing case law on when a failure to object to a supervised release condition amounts to waiver and thereby forecloses appellate review. 929 F.3d 443 (7th Cir. 2019).[1] "In the context of supervised release conditions, evidence of a strategic reason not to object in the district court is a sufficient, but not a necessary, ground on which to find waiver, because it

---

[1] Before the *Flores* opinion was issued to sort out inconsistencies in our case law on waiver of objections to supervised release conditions, that panel circulated the opinion under Circuit Rule 40(e). No active judge voted to rehear the case en banc. *Flores*, 929 F.3d at 450 n.1.

reflects an intentional decision on the defendant's part." *Id.* at 448.

The defendant in *Flores* had the opportunity to object to the supervisory release condition at issue in the PSR before sentencing but did not do so. *Id.* at 446. At the beginning of the sentencing hearing, the defendant did not voice any further objections to the PSR. She also said that she had reviewed it with her counsel. Also, after the district court announced the length of the prison sentence and supervised release term, defense counsel affirmatively waived the need for the court to explain the reasons for each of the supervised release conditions. *Id.* at 446–47. We found that the combination of advance notice of the condition, filing of written objections to the PSR that did not include objections to the condition at issue, the lack of objection, and the affirmative waiver of the reading and explanation of the supervised release conditions at the defendant's sentencing hearing amounted to "a deliberate and informed decision" not to object, waiving the challenge being raised on appeal. *Id.* at 448–50.

As the government points out, the facts before us are similar to *Flores* in many ways, including the advance notice of the supervised release conditions and defendant's objections to other conditions, but not Special Condition 13, before and at the beginning of his sentencing hearing.

But unlike in *Flores*, defense counsel here was asked directly about the condition when the district judge reviewed the supervisory conditions. Counsel then voiced his general objection to Special Condition 13. He said that "there's no consistent threat of violence towards others" that would justify imposing the condition. As we understand what

happened, the defense raised a general objection, albeit an imprecise one, and the district court did not press for further elaboration. The district judge noted that, although the defense had not initially objected to Special Condition 13, she had wanted to hear from the defense after the probation officer and government offered reasons for the condition. And after hearing from all parties, the district court chose to impose the condition. This key factual difference, combined with the absence of any record evidence or other indication that defendant's prior silence was a strategic choice, is sufficient to rebut the government's waiver argument.

Still, the government argues that defendant's legal arguments on appeal are waived because they were not made more specifically in the district court. Defendant's only objection to Special Condition 13 at his sentencing hearing was that the condition was unwarranted because his background and the pending charges did not establish a "consistent threat of violence towards others." On appeal, defendant challenges Special Condition 13 on vagueness, First Amendment, and non-delegation grounds. The government says that this difference between defendant's factual argument in the district court and his legal arguments on appeal means that his legal arguments are waived.

This argument gives us occasion to reaffirm our approach to an issue this circuit sees frequently: which *new arguments* are deemed waived or forfeited in criminal cases when they were not first raised and preserved in the district court?

On this issue, we are guided by *Yee v. City of Escondido*, 503 U.S. 519 (1992). There, plaintiffs alleged that a local rent control ordinance effected a taking of property in violation of the Fifth Amendment. *Id.* at 523. Though the plaintiffs

"unquestionably raised a taking claim in the state courts," they raised on appeal a new theory, a regulatory taking argument in addition to the physical taking argument already made in the state courts. *Id.* at 534–35. The Court distinguished between claims and arguments: "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Id.* at 534. In other words, because the plaintiffs had preserved the Fifth Amendment taking *claim*, they could make different *arguments* as to how the ordinance constituted a taking.

Following the guidance in *Yee*, this court has repeatedly recognized in both civil and criminal cases that "no rule prohibits appellate amplification of a properly preserved issue." *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015); accord, *United States v. Otradovec*, 72 F.4th 794, 796 (7th Cir. 2023) (same); *United States v. Billups*, 536 F.3d 574, 578 (7th Cir. 2008) (similar); *Bew v. City of Chicago*, 252 F.3d 891, 895–96 (7th Cir. 2001) (addressing new argument on appeal that "supports a claim made before the district court" and "grow[ing] out of the facts presented to the district court").

For example, in *Billups*, the defendant made the general claim that his prior false imprisonment conviction should not be classified as a crime of violence. 536 F.3d at 578. In the district court, this argument centered on the elements of the false imprisonment offense in Wisconsin state court jury instructions. On appeal, however, the defendant relied on a different statutory definition to support his claim. The government argued that the statutory definition was not before the district court, so defendant's new argument on appeal was forfeited. This court rejected that argument,

instead finding the new definition to be "a new twist on [the same] argument based upon additional authority on appeal." *Id*. Similarly here, defendant McKay may offer new "twists" and further authority on his objection to Special Condition 13 in the district court.

This court's precedents on waiver and forfeiture issues in criminal cases can at times draw very fine distinctions. For example, in *United States v. Anderson*, we said that a defendant's vagueness challenge to a supervised release condition on appeal had been waived because at sentencing he objected to the condition only as unnecessary. 948 F.3d 910, 911 (7th Cir. 2020). And in *United States v. Tjader*, we treated a defendant's challenges to multiple supervisory conditions as waived, even though he had objected to two of them before the district court, because he asserted new grounds on appeal. 927 F.3d 483, 484–85 (7th Cir. 2019).

But in both cases, we found waiver based on the principles we articulated in *Flores*: that when a defendant has advance notice and an opportunity to object, but makes only strategic objections while intentionally forgoing others, appellate review of a new argument has been waived. *Anderson*, 948 F.3d at 911–12; *Tjader*, 927 F.3d at 485. In other words, those opinions did not address the difference between waiver of claims and waiver of arguments articulated by *Yee v. City of Escondido*. Today, we try to make clear that *Yee* guides us to examine whether a new legal argument is advanced on appeal that stems from the same underlying claim advanced before the district court.

Deciding when appellate arguments constitute more than a new "twist" on arguments made to the district court is admittedly a matter of degree. Arguments that raise new

factual and evidentiary arguments, where a reviewing court would benefit from the trial court's analysis in the first instance, are not encompassed by *Yee*. See *Arnold v. United Airlines, Inc.*, 142 F.4th 460, 474–75 (7th Cir. 2025) (waiver applied; plaintiff argued new theory of employer retaliation on appeal); *Packer v. Trustees of Indiana Univ. Sch. of Med.*, 800 F.3d 843, 848–49 (7th Cir. 2015) (waiver applied; plaintiff raised new factual arguments on appeal and relied upon evidence not properly cited before district court); *Puffer v. Allstate Insurance Co.*, 675 F.3d 709, 718–19 (7th Cir. 2012) (waiver applied; intervenors argued new theory of discrimination on appeal). But defendant McKay's arguments on appeal raise pure questions of law. They do not fall into this category, so he is not barred by waiver from advancing them before us.

B.  *Special Condition 13*

Having determined that defendant objected to Special Condition 13 and that his legal arguments on appeal are not waived, we apply a de novo standard of review. See *United States v. Russell*, 140 F.4th 430, 438 (7th Cir. 2025), citing *United States v. Sandidge*, 863 F.3d 755, 758 (7th Cir. 2017).

On the merits, defendant's challenges to Special Condition 13 are comparatively straightforward. Defendant challenges the supervisory condition on vagueness, non-delegation, and First Amendment grounds. We need to reach only his vagueness argument. Both parties agree that, absent waiver, a limited remand of Special Condition 13 is warranted to clarify the meaning of several of its terms. Accordingly, we remand so the district court can reconsider and, as appropriate, modify and/or further explain the necessity and scope of Special Condition 13.

Recall that Special Condition 13 allows the probation officer, if he believes the defendant "pose[s] a risk to another person (including an organization or members of the community)," to require the defendant himself to disclose that risk to the affected person. The probation officer may then contact that person to verify whether the defendant has disclosed the risk. During sentencing, the district court did not define what "risk" means within this condition and did not specify, beyond the general language in the PSR, which "person[s]" the probation officer may compel the defendant to notify.

"A condition of supervised release is unconstitutionally vague if it would not provide a person of reasonable intelligence with sufficient notice as to the condition's requirements." *United States v. Shannon*, 851 F.3d 740, 744 (7th Cir. 2017). The "principal concern" underlying the vagueness doctrine is that a defendant might "unknowingly run[] afoul of a legal requirement." *Id.*

This court has previously vacated almost identically phrased supervisory release conditions, concluding that the conditions' undefined terms were impermissibly vague. *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015); *United States v. Guidry*, 817 F.3d 997, 1010 (7th Cir. 2016); *United States v. Bickart*, 825 F.3d 832, 841–42 (7th Cir. 2016); *United States v. Canfield*, 893 F.3d 491, 495 (7th Cir. 2018); *United States v. Greco*, 938 F.3d 891, 897 (7th Cir. 2019); *Russell*, 140 F.4th at 438. For the reasons discussed in those opinions, we vacate Special Condition 13 and remand to the district court "to define with greater specificity the identities or categories of individuals

and the types of risks to which notification conditions such as this would apply." *Canfield*, 893 F.3d at 495.

We therefore VACATE Special Condition 13 and REMAND for further proceedings consistent with this opinion. In light of our precedents vacating this condition and similarly worded ones, we urge probation offices throughout this circuit, when they deem such a condition warranted, to recommend it in concrete terms. We direct the Clerk's Office to distribute a copy of this opinion to each Chief Probation Officer in this circuit.