In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1912

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DATQUNN SAWYER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 744-1 — **Charles P. Kocoras**, *Judge.*

ARGUED SEPTEMBER 10, 2013 — DECIDED OCTOBER 23, 2013

Before WOOD, *Chief Judge*, and EASTERBROOK and
HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* A jury found Datqunn Sawyer
guilty of sex trafficking in violation of 18 U.S.C. § 1591(a), and
he was sentenced to 50 years in prison. Sawyer admits on
appeal that he forced at least seven girls whom he knew to be
minors to work as prostitutes for his benefit. He argues,
though, that his conviction should be vacated because the jury
was instructed improperly on one element of the offense. We

reject the argument and affirm his conviction. By agreeing to the relevant instructions at trial, Sawyer waived his argument. Even if he had not waived the point, the instructions were correct on the merits.

The jury instructions explained that the government had to prove beyond a reasonable doubt that Sawyer's conduct affected interstate commerce to prove guilt under section 1591(a). Sawyer stipulated that his conduct had such an effect. The instructions also specified that Sawyer need not have known or intended that his conduct would have an effect on interstate commerce. Sawyer contends on appeal that the jury should have been instructed to acquit if the government did not prove beyond a reasonable doubt that he actually knew or intended that his conduct affected interstate commerce.

The first problem is that this argument has been waived. At trial, Sawyer's attorney replied "no" when asked whether he had objections to the instructions on the interstate commerce element. The attorney's statement that he had no objection was a waiver, not merely a forfeiture, of any future challenge to the instructions. See *United States v. Kirklin*, 727 F.3d 711, 716 (7th Cir. 2013); *United States v. Griffin*, 493 F.3d 856, 863–64 (7th Cir. 2007). The government properly invoked the waiver in its brief, and that doomed Sawyer's appeal.

Even if Sawyer had preserved his claim about the jury instructions, it could not succeed on the merits. We address the merits of his argument both to avoid giving the impression that the attorney's waiver was unwise and to explain our rejection below of Sawyer's terse challenge to the sufficiency of the evidence.

Section 1591 reads in relevant part:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1) … .

Sawyer contends that "knowingly" modifies "in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States." But this clause merely establishes the basis of Congress's power to legislate and is not subject to any *mens rea* requirement such as knowledge or intent.

In addressing similar statutory issues, the Supreme Court has established a general presumption that "the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *United States v. Feola,* 420 U.S. 671, 676 n.9 (1975).[1]

---

[1] While the *Feola* opinion used the term "jurisdiction" and many other cases refer to such clauses in criminal statutes as "jurisdictional hooks," the references to "jurisdiction" are a legal shorthand that can be misleading. Elements in federal criminal statutes requiring a connection to interstate or

(continued...)

Accordingly, this court and others have concluded time and again that the interstate and foreign commerce elements in many other criminal statutes have no *mens rea* requirements. See, *e.g.*, *United States v. Soy*, 454 F.3d 766, 769 (7th Cir. 2006) (arson under 18 U.S.C. § 844(i)); *United States v. Lindemann*, 85 F.3d 1232, 1241 (7th Cir. 1996) (wire fraud under 18 U.S.C. § 1343); *United States v. Hattaway*, 740 F.2d 1419, 1427–28 (7th Cir. 1984) (transporting a woman for immoral purposes under Mann Act, 18 U.S.C. § 2421); see also, *e.g.*, *United States v. Driggers*, 559 F.3d 1021, 1024 (9th Cir. 2009) (murder for hire under 18 U.S.C. § 1958); *United States v. Darby*, 37 F.3d 1059, 1067 (4th Cir. 1994) (threatening communication under 18 U.S.C. § 875(c)); *United States v. Blackmon*, 839 F.2d 900, 907–08 (2d Cir. 1988) (wire fraud under 18 U.S.C. § 1343); *United States v. Thrasher*, 569 F.2d 894, 895 (5th Cir. 1978) (unlawful possession of a firearm under 18 U.S.C. § 922(h)). The Eleventh Circuit has concluded the same about the interstate commerce element of section 1591(a) itself, for essentially the reasons we adopt here. *United States v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007).

---

[1] (...continued)
foreign commerce or to relationships with federal agencies, officers, or territory ordinarily provide the basis for the power of Congress to legislate on the subject. Such elements do not actually affect a federal court's subject matter jurisdiction over a criminal case brought under a federal statute. That subject matter jurisdiction is provided by 18 U.S.C. § 3231, regardless of whether the government can or cannot ultimately prove the needed link to interstate or foreign commerce or other federal links. See, *e.g.*, *United States v. Martin*, 147 F.3d 529, 531–33 (7th Cir. 1997). As a result, a defendant can be bound to an admission or stipulation that the commerce or other federal nexus element has been satisfied, as shown in *Martin*, for example.

Sawyer urges us to depart from this reasoning and to treat section 1591(a) as a special case because "knowingly" is placed before rather than after the interstate commerce language in the statute. For two reasons, we disagree and conclude instead that "knowingly" appears in the introductory portion of section 1591(a) simply to supply the *mens rea* for both paragraphs (a)(1) and (a)(2). The requirement does not apply to the interstate commerce element.

First, we can think of no reason Congress would have gutted the law by limiting prosecutions to the surely trifling number of sex traffickers who know, for example, that using a hotel room or out-of-state condoms affects interstate commerce as that term is understood in constitutional law. Nothing in the statute's legislative history suggests such an intent, and the wrongfulness of a sex trafficker's conduct is not mitigated because he is unfamiliar with the boundaries of Congress's constitutional powers. See *Lindemann*, 85 F.3d at 1241 ("Whether the defendant knows that his conduct involves an 'interstate nexus' adds nothing to the gravity of the offense that he is committing."). Sawyer points us to legislative history showing Congress's focus on international sex trafficking, but we do not see how that advances his position.

Second, the only criminal statute we know of in which Congress has made guilt depend on knowledge that an intrastate action had implications for interstate commerce—7 U.S.C. § 2156(a), which outlaws most "animal fighting venture[s]"—is the exception that proves the general rule. Paragraph (a)(2) of that statute allows the prosecution of people involved with bird fighting in states that permit the practice "only if the person knew that any bird in the fighting

venture was knowingly bought, sold, delivered, transported, or received in interstate or foreign commerce for the purpose of participation in the fighting venture." *Id.*; see generally *United States v. Lawson*, 677 F.3d 629, 636–38 (4th Cir. 2012) (upholding this special *mens rea* requirement against equal protection challenge). Section 2156(a)(2) thus addresses an exceptional case, one in which Congress has authorized federal prosecution for certain intrastate actions that are legal under state law, and the *mens rea* requirement in the text is crystal clear.

There is no similarly clear signal in the text of section 1591(a) to depart from the general rule, and of course, acting as a pimp for minors is a crime throughout the nation. Sawyer's contention that "knowingly" in section 1591(a) modifies that statute's interstate commerce element is no more compelling than the same argument was in the context of the Mann Act, which reads: "Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States … ." 18 U.S.C. § 2421. It is well established that a defendant need not have known he was crossing state lines to be guilty under section 2421. *Hattaway*, 740 F.2d at 1428.

Sawyer's brief also includes a cursory challenge to the sufficiency of the evidence against him. He argues that if the jury had been instructed as he now says it should have been, it would not have been convinced that he knew his sex trafficking affected interstate commerce. This claim is not waived, but it is meritless in light of our conclusion that a defendant's knowledge of the interstate commerce implications

of his conduct need not be proven for conviction under section 1591(a).

AFFIRMED.