In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1145

ANDRE JACKSON,

*Petitioner-Appellant,*

*v.*

MARC CLEMENTS,
Warden, Dodge Correctional
Institution, Waupun, WI

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:14-cv-01182-WEC — **William E. Callahan, Jr.**, *Magistrate Judge.*

SUBMITTED JUNE 15, 2015 — AUGUST 12, 2015

Before FLAUM, RIPPLE, and MANION, *Circuit Judges.*

PER CURIAM. Andre Jackson, currently a Wisconsin prisoner, appeals the district court's denial of his petition for a writ of habeas corpus challenging his extradition from Illinois to Wisconsin. *See* 28 U.S.C. § 2241. But Mr. Jackson was no longer a pre-trial detainee when the district court ruled on the merits of his petition, and, thus, relief under

§ 2241 was no longer available to him. Accordingly we vacate the judgment and remand for the district court to dismiss the petition as moot.

Mr. Jackson was serving an eighteen month sentence in Illinois—the details of which are not contained in the record—when he was extradited to Wisconsin on a Governor's Warrant of Arrest signed by the governor of Illinois. *See* 725 ILCS 225/7. He was wanted in Wisconsin on charges of identity theft. *See* WIS. STAT. § 943.203(2)(a). Once in Wisconsin, Mr. Jackson filed in the Northern District of Illinois a petition for a writ of habeas corpus under § 2241 challenging the extradition. The Illinois court transferred the petition to the Eastern District of Wisconsin because, by that time, Jackson's custodian was in that district, making it the proper venue. *See* 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 494–95 (1973); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004).

Mr. Jackson's petition argued that Wisconsin lacked authority to prosecute him because the extradition was invalid. Specifically, he complained that he was transferred to Wisconsin before a scheduled hearing in Illinois on the validity of the warrant in violation of the Uniform Criminal Extradition Act, which both Illinois and Wisconsin have adopted. *See* 725 ILCS 225/10; WIS. STAT. § 976.03; *Cuyler v. Adams*, 449 U.S. 433, 443 (1981); *Coungeris v. Sheahan*, 11 F.3d 726, 728 (7th Cir. 1993). The district court denied Mr. Jackson's petition, finding that he had not shown any "special circumstances" necessitating relief under § 2241 before Mr. Jackson had exhausted state remedies. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *United States ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979). While

analyzing the existence of special circumstances, the district court found that Mr. Jackson had been convicted on the Wisconsin charges, was currently serving a sentence there, and could pursue his claims on appeal or in a postconviction petition.

Mr. Jackson filed a timely notice of appeal and request for a certificate of appealability. Although state pre-trial detainees who are detained pursuant to a state court process must secure a certificate of appealability, *see* 28 U.S.C. § 2253(c)(1)(A), Mr. Jackson is not challenging detention authorized by a state court. Instead, he is challenging detention authorized by the executive, and thus a certificate of appealability is not required. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009); *Behr v. Ramsey*, 230 F.3d 268, 270 (7th Cir. 2000). Mr. Jackson may therefore proceed to challenge the district court's ruling directly.

The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241. *See Braden*, 410 U.S. at 488; *Parish*, 589 F.2d at 328. Because a pre-trial detainee is not yet "in custody pursuant to the judgment of a State court," relief under 28 U.S.C. § 2254 is not available. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001). Mr. Jackson was therefore correct that a § 2241 petition was the appropriate means for a pre-trial detainee to challenge extradition. *See Behr*, 230 F.3d at 270–71.

Mr. Jackson, however, was no longer a pre-trial detainee when the district court ruled on his habeas petition. Mr. Jackson represents that he was a pre-trial detainee when he filed his petition but acknowledges that he was subsequently convicted in Wisconsin of identity theft—the crime that

prompted the extradition. Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot. *See Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. People of State of Cal.*, 429 F.2d 1392, 1393 (9th Cir. 1970). In order for federal courts to retain jurisdiction over a case, there must be an "actual, ongoing controvers[y]," and the absence of one renders a case moot and deprives the court of subject matter jurisdiction. *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) (quoting *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990–91 (7th Cir.2000)); *see also Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011); *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). Thus, when the district court issued its decision denying Mr. Jackson's petition, it lacked jurisdiction to do so.

The judgment is therefore vacated and the case remanded to the district court with instructions to dismiss the petition as moot.