In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-3427

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN GABRIEL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13-cr-00718 — **John J. Tharp, Jr.**, *Judge.*

ARGUED JULY 6, 2016 — DECIDED AUGUST 2, 2016

Before POSNER, SYKES and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. A jury found appellant John Ga-
briel guilty of producing child pornography and posting it to
the internet. The district court sentenced Gabriel, who is 80
years old, to the statutory minimum of 15 years in prison and
imposed a life term of supervised release. On appeal Gabriel
does not challenge his conviction or his prison term. He ar-
gues only that the district court did not justify the length or

conditions of the supervised release term. We affirm. We reject, as we have before, the contention that a sentencing court must separately justify the length of imprisonment and supervised release terms. Also, Gabriel waived any appellate challenge to the conditions of supervised release. He had advance notice of the conditions, was warned that failure to object could be deemed a waiver, and never objected in the district court.

The facts of Gabriel's crime are relevant to the supervised release issues. In 2012, Gabriel persuaded a 17-year-old girl to participate in a bizarre "program" he had used previously to manipulate women for his sexual gratification. By joining the program, Gabriel told the girl, she could help "train" troubled boys to resist Satan by having sex with them. To that end, Gabriel took sexually explicit photographs of the girl and posted them to a website he had created to entice the boys.

Gabriel had introduced the girl to the program by sending her numerous emails, ostensibly from more than a half dozen program participants, including an "angel." The girl eventually agreed to join, and Gabriel gave her a nude "energy massage" during an initiation ceremony. Gabriel had then posted the sexually explicit photographs and arranged for the girl to have sex with a 15-year-old boy. Before that could happen, however, the girl's mother discovered Gabriel's emails and contacted authorities.

After the jury found Gabriel guilty of producing child pornography, the district court ordered the probation office to prepare a presentence investigation report and the parties to file sentencing memoranda. In its written order the court warned: "Failure to note objections to the content of the PSR

or to the opposing party's Sentencing Memorandum may re-sult in waiver of such objections." The court clarified in a fol-low-up order that the parties should include in their memo-randa "Any objections to any conditions of probation and su-pervised release recommended by the Probation Depart-ment."

The probation officer sent her report to the parties in July 2015. She noted that the statutory range for imprisonment was 15 to 30 years, see 18 U.S.C. § 2251(e), and calculated a guideline imprisonment range of 235 to 293 months based on a total offense level of 38 and criminal-history category of I. As for supervised release, both the statutory and guideline ranges were five years to life, with life being recommended by the relevant policy statement. See 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2) & (c). The probation officer also recom-mended a number of discretionary conditions of supervised release. The government largely concurred with those condi-tions in its sentencing memorandum. Gabriel did not file a sentencing memorandum, nor did he object to the presen-tence report or the government's memorandum.

At the outset of the sentencing hearing, the court con-firmed that Gabriel did not wish to submit a sentencing mem-orandum. After hearing arguments from counsel and allocu-tion from Gabriel, the court imposed the statutory minimum of 15 years in prison to be followed by the recommended life term of supervised release. The court recognized the "sub-stantial possibility" that 15 years will amount to a life sen-tence for Gabriel but said that a longer sentence would have been warranted if not for his advanced age and poor health. The court explained: "Given his sexual deviancy and ease with which crimes victimizing minors can be committed by

means of a computer," a life term of supervision was warranted to ensure that Gabriel would not victimize other minors should he live long enough to be released from prison.

The district court imposed a number of discretionary conditions of supervision. Gabriel did not object to any of them. All but one of those conditions had been recommended by the probation officer in the July 2015 PSR. The exception, which prohibits Gabriel from accepting employment without his probation officer's approval, had been proposed in the government's sentencing memorandum. When the judge asked if Gabriel objected to any proposed condition, his attorney said no. Then, at the end of the hearing, the district court asked if defense counsel had "Anything further," and again she said no.

Gabriel first argues that the district judge did not justify the life term of supervised release. He does not challenge the sufficiency of the court's explanation of the prison term in light of the factors in 18 U.S.C. § 3553(a). He argues that the judge's failure to refer expressly to 18 U.S.C. § 3583(c), which identifies factors for supervised release terms, suggests that the § 3553(a) criteria incorporated by that provision "were never considered as part of the separate supervised release calculus."

Gabriel acknowledges that we held in *United States v. Armour*, 804 F.3d 859, 868 (7th Cir. 2015), that a district court's justification for imposing a term of imprisonment can also apply to a term of supervised release. Gabriel argues we should repudiate this aspect of *Armour* because its interpretation of § 3583(c) will render the provision redundant with § 3553(a). We have rejected this argument in several cases since *Armour*. See *United States v. Bloch*, No. 15-1648, — F.3d —, —, 2016

WL 3361724, at *4–5 (7th Cir. June 17, 2016) (following *Armour*, statutes do not require judge to "provide two separate explanations, one for the term of imprisonment and one for the term of supervised release"); *United States v. Bickart*, Nos. 15-2890 & 15-2946, — F.3d —, —, 2016 WL 3361547, at *5 (7th Cir. June 17, 2016) (following *Armour*); *United States v. Lewis*, No. 14-3635, — F.3d —, —, 2016 WL 3004435, at *5 (7th Cir. May 24, 2016) (upholding life term of supervision when district court had not said "much about its reasons for ordering a life term of supervised release" but the justification "was clear from the entirety of the sentencing hearing"). We do not require a sentencing judge to start all over again when explaining supervised release after having explained the reasons for a prison sentence.

The district judge justified sufficiently the life term of supervised release. The judge said that given Gabriel's "sexual deviancy and ease with which crimes victimizing minors can be committed by means of a computer, the term of supervised release for the balance of defendant's life is needed to ensure that even at an extremely advanced age the defendant will not be able to victimize any more minors." That makes sense to us, and particularly in the absence of an objection, the judge did not need to say more. See *Lewis*, — F.3d at —, 2016 WL 3004435, at *5.

Gabriel also challenges some of the discretionary conditions of his supervised release. Those conditions: allow his probation officer to visit him at home; require that he report to his probation officer "promptly," answer his probation officer's inquiries, submit to computer monitoring, and participate in sex-offender treatment; and prohibit him from pos-

sessing internet-capable devices and working or having contact with minors without approval from his probation officer. Gabriel contends these conditions are vague, overly restrictive of his liberty, or unsupported by adequate findings.

Gabriel waived his appellate challenge to these conditions by failing to raise any of these objections in the district court. The details of the procedure in the district court are important for this conclusion. Where the district court has already made a decision and said definitively that it is imposing certain conditions of supervised release, a defendant need not take an "exception" to preserve the issue for appeal. See Fed. R. Crim. P. 51(a); *United States v. Miranda-Sotolongo*, No. 14-2753, — F.3d —, —, 2016 WL 3536675, *6 (7th Cir. June 28, 2016). But a district court can announce a tentative decision or view and invite objections. A failure to object in those circumstances can amount to waiver. *United States v. Lewis*, — F.3d at —, 2016 WL 3004435, at *6.

In this case, the district court followed the procedure we recommended in *United States v. Kappes*, 782 F.3d 828, 842–44 (7th Cir. 2015), and other cases and ensured that the parties had ample advance notice of proposed conditions of supervised release. The court took the further step of warning the parties in writing that failure to object to conditions recommended in the presentence report could be treated as waiver.

If that were not enough to support a finding of waiver, and it is, counsel then confirmed at the start of the sentencing hearing that Gabriel did not wish to object, and later the lawyer said no when asked if she had "any objection to those conditions." Compare *Bloch*, — F.3d at—, 2016 WL 3361724, at *8 (applying waiver where defendant received advance notice of

conditions and did not object when given opportunity at sentencing), and *Lewis*, — F.3d — at—, 2016 WL 3004435, at *5 (same), with *United States v. Sainz*, No. 13-3585, — F.3d —, —, 2016 WL 3513893, at *8–9 (7th Cir. June 27, 2016) (no waiver where defendant received advance notice of proposed conditions but without warning about waiver and without opportunity to object at sentencing, and where government agreed that remand was needed to correct unconstitutional conditions). Our waiver finding in this case is not based on the judge's broad "anything else?" question at the end of the hearing. See *United States v. Speed*, 811 F.3d 854, 857–58 (7th Cir. 2016) (no waiver where judge asked defendants at end of sentencing only whether there was "anything unclear or confusing" and they said no). As we explained in *Lewis*, the "sentencing in the district court is the main event." — F.3d at —, 2016 WL 3004435, at *5–6. If Gabriel had concerns about the proposed conditions, he should have brought them to the district court's attention rather than waiting until appeal to complain for the first time.

Finally, we note that several of the conditions Gabriel challenges are not as troubling as he contends. Gabriel claims the home visit condition will allow the probation officer to subject him to nighttime searches of his home, but the district court required only that Gabriel submit to searches at reasonable times. That proviso adequately cabins the probation officer's discretion. See *Bickart*, — F.3d at —, 2016 WL 3361547, at *8 (approving identical condition). Likewise, although Gabriel claims he is unsure how quickly he must act to comply with the condition requiring that contacts with law enforcement be reported "promptly" to his probation officer, the written judgment defines "promptly" as "within 72 hours." See

*United States v. Kappes*, 782 F.3d 828, 862 (7th Cir. 2015) (recognizing that written judgment may clarify oral pronouncement if the two do not conflict). Finally, Gabriel worries that a condition requiring him to answer his probation officer's inquiries might infringe upon his right against self-incrimination, but the judgment specifies that Gabriel must answer such inquires only "absent constitutional or other legal privilege." See also *United States v. Douglas*, 806 F.3d 979, 987 (7th Cir. 2015) (general obligation to appear and answer questions truthfully does not convert otherwise voluntary statements into compelled ones; supervisee may invoke privilege if he wishes), quoting *Minnesota v. Murphy*, 465 U.S. 420, 427 (1984). In any event, to the extent Gabriel may feel in the future a need to raise substantive challenges to any conditions, he could do so in a district court under 18 U.S.C. § 3583(e)(2). See *United States v. Neal*, 810 F.3d 512, 519–20 (7th Cir. 2016).

AFFIRMED.