In the

# United States Court of Appeals

### For the Seventh Circuit

───────────────

No. 18-1933

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES D. ST. CLAIR,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:15-CR-25-TLS-SLC-1 — **Theresa L. Springmann**, *Chief Judge.*

───────────────

ARGUED APRIL 24, 2019 — DECIDED JUNE 7, 2019

───────────────

Before KANNE, HAMILTON, and ST. EVE, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Defendant-appellant Charles D.
St. Clair admitted that he violated several conditions of his
supervised release. The district court revoked his release and
sentenced him to another term of imprisonment, followed by
an additional term of supervised release. St. Clair appeals the
conditions for the new term of supervised release. He argues
first that the district court failed to justify the twelve discre-
tionary conditions it ordered. He also argues that the court

violated his due process rights by imposing a vague condition based on a superseded version of the Sentencing Guidelines.

We affirm. St. Clair waived his right to challenge his supervised release conditions at his revocation hearing when he (1) acknowledged that he received prior notice of the proposed conditions and discussed them with counsel, and then (2) told the judge that he had no objections to or questions about them when asked.

I.   *Factual and Procedural Background*

In September 2016, St. Clair pleaded guilty to unlawful possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Before his sentencing, the district court notified St. Clair in writing that it proposed to impose six mandatory and fourteen discretionary conditions of supervised release. The court later sentenced St. Clair to thirty-three months in prison and a year of supervised release, including all twenty proposed conditions. St. Clair did not appeal.

St. Clair began his original term of supervised release in August 2017. Within the first month, he started violating the conditions of his release. By December, the government had moved to revoke St. Clair's release, citing sixteen violations of release conditions by using marijuana, failing to submit to drug tests, and not reporting to probation. A probation officer prepared a written "summary report of violations" recommending that the court sentence St. Clair to imprisonment followed by supervised release and that the court also impose seventeen of the twenty conditions from St. Clair's original term of supervision.

At a revocation hearing in April 2018, St. Clair admitted to the sixteen violations. Critical to our decision, when the judge

asked about the proposed conditions of supervised release, defense counsel confirmed that he had reviewed the conditions with St. Clair and explained them to him, and St. Clair said that he had no objections to or questions about them. St. Clair also waived a formal reading of the conditions and acknowledged that the court might later incorporate them by reference. The court then revoked St. Clair's supervised release and sentenced him to another year in prison, followed by another year-long term of supervision. With no objection from St. Clair, the court included the seventeen proposed supervised release conditions in the revocation sentence.

## II. *Analysis*

St. Clair challenges the discretionary conditions of supervised release, which he says the court never justified. He also contests one of the conditions—forbidding him from "physically, voluntarily, and intentionally be[ing] present at a place that he knows or has reason to know … controlled substances are illegally sold, used, manufactured, distributed, or administered." He argues the condition—especially its use of the term "place"—is impermissibly vague and based on inaccurate information because the court cited an outdated version of the Sentencing Guidelines. (The United States Sentencing Commission removed a version of this standard but discretionary condition from U.S.S.G. § 5D1.3(c) beginning in November 2016, after St. Clair's original sentencing but well before his April 2018 revocation hearing.)

The government argues that St. Clair has waived these arguments by opting not to present them to the district court. We agree with the government's waiver argument. St. Clair expressly acknowledged at the revocation hearing that he had reviewed the conditions with his lawyer and that he did not

object to any of them. That is quintessential waiver for supervised release conditions, as it is for other matters, such as jury instructions. See *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016) (defendant waived objections to supervised release conditions where, after receiving advance notice of proposed conditions, defense said it had no objections to conditions); *United States v. Bloch*, 825 F.3d 862, 873–74 (7th Cir. 2016) (same, except for one express objection); *United States v. Lewis*, 823 F.3d 1075, 1082–23 (7th Cir. 2016) (same).[1]

"The sentencing in the district court is the main event." *Lewis*, 823 F.3d at 1083. A defendant who receives advance notice of proposed conditions of supervised release has both the benefit of advice of counsel and a full opportunity to raise objections about arguably vague or unjustified conditions of supervised release. Sentencing in the district court is the time to raise such issues, not on appeal, for the first time. And with conditions of supervised release, both the defendant and the government have later opportunities to seek modification or clarification of conditions by invoking 18 U.S.C. § 3583(e)(2).[2]

---

[1] Defendants ordinarily should have even more advance notice of proposed conditions of supervised release than they have for proposed jury instructions, so similar waiver standards seem appropriate. See also *United States v. Ajayi*, 808 F.3d 1113, 1121 (7th Cir. 2015) (defense waived objection to proposed jury instruction); *United States v. Sawyer*, 733 F.3d 228, 229 (7th Cir. 2013) (same); *United States v. Griffin*, 493 F.3d 856, 863–64 (7th Cir. 2007) (same); see generally *United States v. Locke*, 759 F.3d 760, 763–64 (7th Cir. 2014) (comparing waiver and forfeiture and finding defendant waived objection to restitution amount when he withdrew stated objection).

[2] The time to challenge the validity of an arguably vague condition, however, is at sentencing or through § 3583(e)(2), not as a defense in a revocation proceeding. See *United States v. Preacely*, 702 F.3d 373, 376–77 (7th

St. Clair reviewed the proposed conditions and, when invited by the judge, said that he had no objections. St. Clair does not—and cannot—argue that he was surprised. See *Bloch*, 825 F.3d at 873. Underscoring the notice he received, St. Clair's original supervised-release term included these same seventeen conditions.

St. Clair argues that our line of recent waiver cases in appeals challenging supervised release conditions (e.g., *Gabriel*, *Bloch*, and *Lewis*) should not apply because no presentence investigation report was prepared for his revocation hearing. Without a presentence report, St. Clair maintains, he was given no notice of the proposed supervised release conditions before the hearing.

The "summary report of violations," however, served as a functional equivalent of a presentence report. See *United States v. Salinas*, 365 F.3d 582, 587–88 (7th Cir. 2004) (applying standards for dealing with errors in presentence investigation reports to factual error in summary report on supervised release violations). The report notified St. Clair ahead of time of the conditions the probation office recommended, as he acknowledged at the hearing.

St. Clair argues that the summary report was insufficient to provide notice because it contained no justification for any condition. But a challenge to the sufficiency of the justifications for the conditions concerns the merits of the sentencing. It has no bearing on our consideration of St. Clair's waiver of

---

Cir. 2012); *United States v. Flagg*, 481 F.3d 946, 950 (7th Cir. 2007) ("The proper method for challenging a conviction and sentence is through direct appeal or collateral review, not a supervised release revocation proceeding.").

his merits arguments. If St. Clair was not satisfied with the summary report's lack of justifications, he should have objected when he was asked. Instead, he told the judge he had no objection and waived a formal reading of the conditions.

If that were not enough for waiver, and it is, the particular facts of St. Clair's case make his waiver all the more obvious. The same judge and defendant, joined by the same prosecutor and defense counsel, had faced essentially identical issues just nineteen months earlier at St. Clair's original sentencing. In the absence of objections or any indication of changed circumstances, the district judge did not need to belabor the obvious. To the extent St. Clair argues that the justification requirement *cannot* be waived, he is incorrect. See *Lewis*, 823 F.3d at 1081–83 (defense waived challenge to lack of justification for supervised release conditions).

One final note. Because St. Clair has waived his appellate arguments, we do not reach the merits of his appeal. We take the opportunity, though, to remind St. Clair and other defendants that if they believe a condition poses a problem, they may move their sentencing or supervising courts under 18 U.S.C. § 3583(e)(2) to modify a condition of their supervised release before or during their supervised release. E.g., *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016).

St. Clair's sentence is

AFFIRMED.