**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided July 7, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1160

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 19-10034-001 |
| MITCHELL MCGHEE, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**O R D E R**

After spending over a decade in prison for drug crimes, Mitchell McGhee violated the terms of his supervised release by, among other things, using a controlled substance. The district court revoked his supervision and sentenced him to a year and a day in prison, followed by six years' supervision. McGhee now appeals, asserting primarily that the court erred in imposing the new sentence. Because the court made no sentencing errors, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

McGhee was convicted by a jury in 2007 of conspiring to distribute at least 500 grams of cocaine and 50 grams of crack cocaine, 21 U.S.C. §§ 841(a)(1), 846, and possessing cocaine with intent to distribute it. *Id.* § 841(a)(1). The district court imposed a life sentence—the statutory minimum for the conspiracy count at the time based on McGhee's prior convictions for felony drug offenses. 21 U.S.C. § 841(b)(1)(A)(iii) (2006). We affirmed the convictions and sentence. *United States v. Jones*, 600 F.3d 847 (7th Cir. 2010). Nearly a decade later, the district court reduced McGhee's sentence under § 404 of the First Step Act to ten years' imprisonment and eight years' supervision. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2018). McGhee was released immediately and began serving his term of supervision.

Within months of his release, McGee repeatedly violated the terms of his supervision. In short order, he tested positive for marijuana, refused to attend substance-abuse treatment, and failed to timely inform his probation officer of an arrest for criminal trespass. After the arrest, the probation office petitioned to revoke McGhee's term of supervised release. McGhee was released on bond pending a revocation hearing.

Eight months later, McGhee was arrested for battery and aggravated criminal sexual assault in connection with allegations that he had abused his girlfriend's daughter. Based on this arrest, the probation officer filed a supplemental petition seeking revocation of McGhee's bond. A magistrate judge found probable cause to believe that McGhee had committed battery and aggravated criminal sexual assault and ordered him detained pending the revocation hearing.

At the hearing, McGhee admitted that he violated two of the terms of his supervision (using and possessing marijuana, and failing to timely notify his probation officer of his arrest). Based on those admissions, the court revoked his release. The court then explained that a prison term was necessary to address McGhee's pattern of obstinance, dishonesty, noncompliance, and multiple arrests while on supervision. The court first calculated a sentencing range of 21 to 27 months (based on the government's assertion that the marijuana-possession offense should be treated as a Grade B violation, together with McGhee's criminal history category of VI). But the government then proposed a Grade C range—8 to 14 months—based on the difficulties faced by someone like McGhee who had spent much of life in jail and was "struggling to re-enter society." The court agreed and imposed a sentence of a year and a day in prison (the

extra day allowing McGhee to receive good-time credit) followed by six years' supervision.[1]

On appeal, McGhee asserts without elaboration that his year-and-a-day sentence, combined with the six years' supervision, unlawfully exceeds the term authorized by 21 U.S.C. § 841(b)(1)(C). But the revocation statute, 18 U.S.C. § 3583(e)(3), authorizes prison terms of up to five years on the conspiracy count (a Class A felony), *see* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3559(a)(1), and up to three years on the possession-with-intent-to-distribute count (a Class C felony). *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). As for supervised release, 18 U.S.C. § 3583(h) allows a court to impose up to the maximum term that could have been imposed on the original offense minus any new term of imprisonment. Here, the statutes of conviction authorize a lifetime of supervision, so the six-year term was within the permissible range. *See* 21 U.S.C. § 841(b)(1)(B), (b)(1)(C); *see also United States v. Shorty*, 159 F.3d 312, 315 n.6 (7th Cir. 1998) (observing that § 841(b)(1) subsections set a "floor requirement" for term of supervised release, "leaving the ceiling open").

To the extent McGhee argues that his new sentence is too high, that argument fails. As required under 18 U.S.C. § 3583(e), the district court considered the pertinent § 3553(a) sentencing factors, including the nature and circumstances of the numerous violations (cataloging McGhee's frequent lies to his probation officer, arrests, and drug use) and the need to deter McGhee from further criminal conduct. Nothing in the record shows that his year-and-a-day sentence—which was well below the guidelines range of 21 to 27 months for a Grade B violation—is plainly unreasonable. *See United States v. Raney*, 842 F.3d 1041, 1043 (7th Cir. 2016).

McGhee also challenges his prehearing detention, urging that the magistrate judge improperly revoked his bond based on crimes—aggravated criminal sexual abuse and battery—for which he never was charged. But that claim became moot once he was convicted on the charges for which he was detained. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540–41 (2018); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015).

Finally, McGhee contests the term of supervised release imposed on his underlying conviction, pointing to 21 U.S.C. § 841(b)(1)(C) to argue that his eight-year

---

[1] McGhee apparently has finished serving his new term of imprisonment, but his appeal is not moot because he remains under supervision. *See United States v. Corner*, 967 F.3d 662, 667 (7th Cir. 2020).

term of supervision exceeded the six years authorized. But a defendant may not challenge his underlying conviction or sentence in a revocation proceeding. *United States v. St. Clair*, 926 F.3d 386, 388 n.2 (7th Cir. 2019) (citing cases).

AFFIRMED