**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022[*]
Decided February 24, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-2456

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:19-CR-30164-SMY-1 |
| RAY L. ALEXANDER, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Based on his unlawful possession of guns and ammunition, Ray Alexander was found guilty of violating conditions of his supervised release, leading to revocation of his release and a new term of incarceration. On appeal, he raises jurisdictional, legal, and factual challenges to the revocation and to his underlying conviction for lying to a federal agency. Because the challenges are all baseless, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2019, Alexander pleaded guilty in the U.S. District Court for the District of Puerto Rico to making a false statement to a federal agency. *See* 18 U.S.C. § 1001(a)(2). He agreed to plead guilty in exchange for the government requesting a term of three months' incarceration. The district judge sentenced him to that term and three years of supervised release. Upon his release, the judge invoked 18 U.S.C. § 3605 to transfer jurisdiction over Alexander's supervision to the Southern District of Illinois.

While Alexander was on supervised release, the government sought to revoke it. Proceeding in the Southern District of Illinois, the government alleged that Alexander had violated several conditions. These included possessing firearms; failing to notify probation of contacts with police; and failing to file monthly reports on his residence, work, and finances. (The judge acquitted Alexander of other violations, which are not relevant on appeal.) The judge held a hearing at which Alexander was permitted under *Faretta v. California*, 422 U.S. 806 (1975), to represent himself (as he does on appeal).

The government's first witness was Alexander's probation officer. He testified that he learned from law enforcement in Missouri that Alexander had been pulled over and issued a traffic ticket in February 2021, but Alexander never told him of this contact. He also testified that Alexander had failed to file the monthly reports.

The government's next witness was a police officer who testified about a different traffic stop. Alexander was the only occupant, and as he left the car, the officer saw a gun in plain view. A further search of the car uncovered a rifle, about 50 rounds of ammunition, a bulletproof vest, additional magazines for both guns, and a gas mask.

Alexander also testified. He admitted that he had not reported the first police stop or filed his monthly reports. As for the second stop, he insisted that the car belonged to his business, his employees had access to it, and the guns and ammunition were not his. But he later conceded that the car was "essentially" his.

Crediting the government's witnesses, the judge found that Alexander violated the conditions barring gun possession and requiring reports. She then turned to sentencing. The government said the parties jointly recommended incarceration for a term of 10.5 months and no supervised release. The government relied on Alexander's criminal history—lying to a federal agency and other prior convictions (which included aggravated assault with a deadly weapon). Alexander confirmed that "[i]t's true that [the prosecution and I] … came to this agreement." Also, he did not dispute the accuracy of his criminal record, only how the prosecutor characterized it: "I still have not had a long history of criminality. I am not a criminal. … I do fervently disagree with

his characterization of my life and my history." After considering the factors required by 18 U.S.C. § 3583(e), the judge accepted the parties' recommended term and sentenced Alexander to 10.5 months' incarceration; however, she imposed an additional year of supervised release. She highlighted his "significant" criminal history and troubling possession of a bulletproof vest and large quantity of ammunition and firearms.

On appeal, Alexander contests the authority of the Southern District of Illinois to revoke his supervised release. In his view, because he signed his plea deal with the U.S. Attorney for the District of Puerto Rico, only the federal court there could revoke his supervised release. But he is wrong. Under 18 U.S.C. § 3605, a district court "may transfer jurisdiction" over a defendant on supervised release to another district court.

Alexander next argues that the judge wrongly found him guilty of violating his conditions of release. We review whether the judge clearly erred in finding that a preponderance of evidence proved the violations. *Id.* § 3583(e); *United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020). No clear error occurred. For the charges about possessing the firearms, Alexander argues that the only evidence against his denial was the word of the government's witness. But the judge could reasonably credit the testimony of the government's witness over Alexander's testimony. *See United States v. Lockwood*, 840 F.3d 896, 901 (7th Cir. 2016). And that witness explained that he found firearms in a car—which Alexander admitted was "essentially" his—at a time that he was its only occupant. Testimony that guns were recovered from a car that a defendant occupied and controlled justifies a finding of possession. *See United States v. Ford*, 22 F.4th 687, 693 (7th Cir. 2022); *United States v. Parra,* 402 F.3d 752, 762 (7th Cir. 2005). For the other violations, the probation officer testified that Alexander had failed to inform him of the first interaction with law enforcement or file monthly reports—failures that Alexander conceded.

Alexander also challenges his sentence—both his term of reincarceration and his new term of supervised release. But Alexander has waived any challenges to his incarceration. He (and the government) jointly recommended a 10.5-month term. He received what he asked for, and so he waived any argument for a different term. *United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015).

Waiver to the side, his challenges are frivolous. He starts with a procedural challenge: The government and the court, he says, wrongly characterized his criminal history as "significant." A defendant has the right "to be sentenced based on accurate information." *United States v. Propst*, 959 F.3d 298, 304 (7th Cir. 2020); *United States v.*

*Salinas*, 365 F.3d 582, 586–87 (7th Cir. 2004) (applying this right to revocation proceedings). But this right was respected. Alexander concedes that he has three past convictions. Such a history can reasonably be called significant.

Alexander contests his sentence on three other grounds. He first argues that the judge exceeded her statutory authority in sentencing him. But his sentence (10.5 months' incarceration plus 1 year on supervision) was below the two-year maximum that a judge may impose when revoking supervised release for the Class D felony that Alexander committed. *See* 18 U.S.C. §§ 1001(a), 3559(a)(4), 3583(e)(3). Second, he argues that his sentence is substantively unreasonable. Under our "highly deferential" review of a sentence imposed after revocation of supervised release, we will overturn it only if it is "plainly unreasonable." *United States v. Dawson*, 980 F.3d 1156, 1165–66 (7th Cir. 2020). But here the judge reasonably ruled that Alexander's conduct—which included his previous conviction for aggravated assault and possession of multiple firearms, a "substantial" quantity of ammunition, and a bulletproof vest—justified the sentence. *See* 18 U.S.C. § 3553(a)(1). Third, Alexander argues that the government was barred from recommending any additional term of incarceration because the prosecutor in the District of Puerto Rico promised to ask for only three months' incarceration. But that promise was for the *underlying* offense, not revocation proceedings.

Finally, Alexander attempts to challenge as jurisdictionally flawed his underlying conviction and sentence from the District Court for the District of Puerto Rico. But Alexander may not use his revocation proceeding to contest the validity of his underlying conviction and sentence. *United States v. St. Clair*, 926 F.3d 386, 388 n.2 (7th Cir. 2019); *see also Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.2 (2017) ("Subject-matter jurisdiction cannot be attacked collaterally … ."). In any event, these arguments, too, are frivolous. The district court in Puerto Rico has subject-matter jurisdiction over prosecutions for violations of federal law committed in Puerto Rico. *Miranda v. United States*, 255 F.2d 9, 13–16 (1st Cir. 1958). And a district court has personal jurisdiction over any party that appears before it, even if that appearance is compelled by an indictment. *United States v. Marks*, 530 F.3d 799, 810–11 (9th Cir. 2008) (citing *United States v. Alvarez–Machain*, 504 U.S. 655, 659–70 (1992)); *see also United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [the defendant] is within the territory of the United States.").

We have considered Alexander's other arguments, but none has merit.

AFFIRMED