In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 23-3170 & 24-1921

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RHONDA SUTTON,

*Defendant-Appellant.*

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 18-cr-380-5 — **Jorge L. Alonso**, *Judge.*

_____

ARGUED SEPTEMBER 26, 2024 — DECIDED FEBRUARY 7, 2025

_____

Before EASTERBROOK, ST. EVE, and PRYOR, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Rhonda Sutton brought these appeals after her conviction and sentencing for conspiracy to commit health care fraud. She challenges the district court's denial of her request to substitute appointed counsel, claiming a deprivation of her Sixth Amendment right to counsel of choice. This challenge fails because a defendant has no right to insist on counsel she cannot afford. Sutton also challenges

one condition of her supervised release as unconstitutionally vague and overbroad. She waived this challenge, however, because she had notice and an opportunity to make the objection in the district court, she submitted other sentencing challenges, and she declined reading of the conditions and their justifications at sentencing. This precludes our appellate review.

## I. Background

Rhonda Sutton was charged with conspiracy to commit health care fraud. At her arraignment in June 2018, the district court appointed counsel to represent her. Sutton pleaded not guilty in January 2020.

After fits and starts connected to the COVID-19 pandemic, the district court set Sutton's case for trial in November 2022. This was the court's third attempt to schedule the trial. In September 2022, at her first meeting with her counsel following an eight-month hiatus, Sutton asked her attorneys to engage in plea negotiations. Her counsel returned with a tentative offer from the government, but Sutton ultimately decided—against the advice of counsel—to proceed to trial. Sutton informed her counsel of this decision, then expressed that she had lost confidence in their representation of her.

In response, ten days before the final pretrial conference and four weeks before trial, Sutton's counsel filed a motion to withdraw as appointed counsel, requesting the court appoint new counsel. In the motion, one of Sutton's attorneys wrote that Sutton had "specifically asked counsel to withdraw from her case and have the Court appoint a new attorney." He added that Sutton was unable to retain counsel and remained

eligible for an appointed attorney, and he believed he could still "zealously and effectively" represent her at trial.

The district court held a hearing on the motion three days later. Sutton appeared with her existing counsel. At the outset of the hearing, the court asked her whether she was adopting her counsel's motion, and she answered yes. In addition, she clarified that she was seeking a new attorney, and she had a relative "in mind," but she had "not [spoken] much" with her relative about her case, as she "wanted to go through this process first" and had not decided whether to approach her relative or pursue another avenue to secure new counsel.

Sutton's adoption of her counsel's motion prompted the district court to conduct an *ex parte* inquiry into her relationship with her appointed counsel. During this inquiry, Sutton identified her attorneys' advice to pursue a plea deal as the source of her dissatisfaction with counsel. She explained, "I feel like they feel that the advice they gave me was the best, and my choice was a different route," so "I don't feel that they are on [the same] page [as me]." Through further questioning of Sutton and her counsel, the court ascertained that counsel had never threatened to withdraw from representation if Sutton proceeded to trial, counsel was preparing for trial, and no disagreements about trial strategy had emerged.

The district court found no conflict or communication breakdown between Sutton and her appointed counsel. In addition, the court found Sutton's timing was "highly suspect" given the pending trial date, and her purpose for requesting the withdrawal was delay. Citing these findings and the logistical hurdles required to schedule jury trials in accordance with the COVID-19 protocols in place at the time, the court denied the motion to withdraw.

The trial proceeded as scheduled, and the jury returned guilty verdicts on all counts. After trial, Sutton's counsel filed another motion to withdraw, which the district court granted. The court appointed new counsel for sentencing.

At sentencing, the district court noted that Sutton had filed two written objections to the proposed conditions of supervised release, then asked Sutton and her counsel whether she had any other objections. Both answered no. Sutton and her counsel also advised the court that if it imposed the proposed conditions after considering Sutton's objections, it need not explain on the record why it believed the remaining conditions were appropriate or read them aloud. The court later sustained one of Sutton's objections. But it overruled the other—her objection to the portion of a condition that requires Sutton to allow a probation officer to visit her at work.

## II. Discussion

Sutton raises two issues on appeal. First, she challenges the district court's denial of her counsel's pretrial motion to withdraw and for the court to appoint new counsel, claiming a denial of her Sixth Amendment right to counsel of choice. Second, she brings a vagueness and overbreadth challenge to the supervised release condition requiring her to "permit a probation officer to visit [her] at any reasonable time or" at home, work, school, a community service location, or other reasonable location specified by a probation officer.

### A.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for [her] defence." U.S. Const. amend. VI. This amendment "secures the right to the assistance of

counsel, by appointment if necessary, in a trial for any serious crime." *Wheat v. United States*, 486 U.S. 153, 158 (1988). An element of the Sixth Amendment right is the right to effective representation. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984). Another "element of this right is the right of a defendant … to choose who will represent [her]." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006).

The right to counsel of choice, however, "is circumscribed in several important respects." *Wheat*, 486 U.S. at 159. Sometimes, it "must yield to the 'need for a fair and efficient administration of justice.'" *United States v. Sinclair*, 770 F.3d 1148, 1154 (7th Cir. 2014) (quoting *United States ex rel. Kleba v. McGinnis*, 796 F.2d 947, 952 (7th Cir. 1986)). In addition, and importantly for this appeal, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Gonzalez-Lopez*, 548 U.S. at 151; *see also Wheat*, 486 U.S. at 159 ("[A] defendant may not insist on representation by an attorney he cannot afford[.]").

In this case, Sutton's counsel filed a written motion to withdraw and for the court to appoint new counsel, which Sutton adopted. Sutton argues that despite its framing as a motion to substitute appointed counsel, the motion implicated her Sixth Amendment right to counsel of choice because in substance, she requested a continuance to retain new counsel. *See United States v. Santos*, 201 F.3d 953, 958 (7th Cir. 2000) (holding that a motion for a continuance implicates the right to choice of counsel when the effect of denying the motion is to deny the defendant the attorney of her choice).

Courts may ignore the label attached to a motion and recharacterize the motion based on its substance—usually to protect a pro se litigant's rights. *United States v. Sineneng-*

*Smith*, 590 U.S. 371, 375 (2020); *see*, *e.g.*, *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (endorsing courts' authority to re-characterize pro se litigants' motions to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis"). A characterization decision is a pragmatic judgment that turns on specific facts, so the decision warrants deference. *See Martel v. Clair*, 565 U.S. 648, 663–64 (2012). We therefore review the district court's decision to construe the motion at issue as one for appointment of new counsel for an abuse of discretion. *Cf. Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023) (reviewing a decision whether to treat a motion for summary judgment as a constructive motion to amend the complaint for an abuse of discretion). If the court acted within its discretion, we adopt its characterization of the motion.

The district court properly sought to clarify Sutton's request during the hearing, but it ultimately declined to recharacterize the motion as a request for a continuance to retain new counsel. The court asked Sutton, "Your request is a request to have [your attorneys] withdraw and then to just simply continue the case until you get an attorney and then some day set the case for trial again?" Sutton offered no affirmation or clarification, however, responding, "I want to be sure that I have people behind me who believe in me to move forward." After following up about the reasons for Sutton's dissatisfaction with her attorneys, the court denied the motion on grounds relevant to a motion to substitute appointed counsel: Sutton's delay motive and the absence of a conflict resulting in a communication breakdown between Sutton and her attorneys. *See United States v. Jones*, 844 F.3d 636, 642–44 (7th Cir. 2016) (reviewing a substitution decision by considering

the defendant's motive for his request and the attorney-client relationship).

By declining to recharacterize the motion as a request for a continuance to permit retention of new counsel, the district court did not abuse its discretion. Sutton points to her mention of an attorney relative whom she had "in mind" to represent her at trial. But she appeared at the hearing without him, and she explained to the court that she had neither approached him about her case nor definitively decided that she wanted him to represent her. She offered no concrete plan for retaining new counsel—as exemplified by the court's question and her answer quoted above. Under these circumstances, the court's decision to evaluate the motion to withdraw as a request to substitute appointed counsel was neither unreasonable nor arbitrary.

Although the motion did not implicate Sutton's Sixth Amendment right to counsel of choice, this does not mean the district court had unlimited discretion to deny the motion. A district court may appoint substitute counsel "in the interests of justice … at any stage of the proceedings." 18 U.S.C. § 3006A(c). A defendant can challenge a court's refusal to appoint new counsel by showing that the court abused its discretion in applying this standard. *See United States v. Ryals*, 512 F.3d 416, 419–421 (7th Cir. 2008). Sutton fails to show that the district court abused its discretion, however.

The court held a hearing, questioned Sutton and her counsel, and found Sutton was attempting to delay the trial with her motion. It further found that her attorneys had provided her with effective advocacy and would continue to do so. The court asked Sutton sufficient questions, see *Jones*, 844 F.3d at 643 (inquiry adequate where the defendant had ample

opportunity to present concerns), and her answers, along with the other evidence, supported its findings. Neither Sutton nor her attorneys reported any trial-strategy disagreements. Nor did their conduct raise alarms. *Compare Ryals*, 512 F.3d at 420 (defendant and his attorney were standing apart with folded arms). Given no evidence of conflict and the proximity to trial in a context—the COVID-19 pandemic—when trial scheduling required especially long lead times and complicated logistics, the court reasonably inferred that Sutton's request constituted a delay tactic. Likewise, the court reasonably found that Sutton's counsel could effectively represent her—far away from a "total lack of communication preventing an adequate defense." *United States v. Hall*, 35 F.3d 310, 314 (7th Cir. 1994). For these reasons, the court properly exercised its discretion in denying the motion.

**B.**

We do not reach the merits of Sutton's vagueness and overbreadth challenge to the supervised release condition requiring her to permit probation-officer visits, which, in her reading, does not specify reasonable hours for the visits. Prior to sentencing, Sutton had notice of the proposed conditions and a meaningful opportunity to object, and the only objection she raised to this condition was that it required her to permit a probation officer to visit her at work. She told the court she had no other objections. In addition, she declined an explanation and reading of the supervised release conditions. These circumstances evince "an intentional or strategic decision not to object" on vagueness or overbreadth grounds, that is, waiver. *United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019); *see also United States v. Anderson*, 948 F.3d 910, 912 (7th Cir. 2020) (pursuit of one objection to a supervised release

condition amounted to waiver of other objections to the same condition). We identify no reason to overlook waiver here, so waiver precludes our appellate review.

*     *     *

The judgment of the district court is

AFFIRMED.