In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2883

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDWARD GIBBS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:18-cr-00047 — **Richard L. Young**, *Judge.*

ARGUED OCTOBER 24, 2024 — DECIDED MARCH 10, 2025

Before EASTERBROOK, KIRSCH, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge*. Edward Gibbs pleaded guilty to con-
spiracy to obtain and distribute methamphetamine. The dis-
trict court sentenced Gibbs to 180 months of imprisonment
and 5 years of supervised release. On appeal, Gibbs argues—
for the first time—that two conditions of his supervised re-
lease are unconstitutionally vague and overbroad. Because
Gibbs waived this objection at sentencing, we AFFIRM.

## I.    BACKGROUND

In August 2018, a grand jury returned a one-count indictment charging Gibbs with conspiracy to possess with the intent to distribute and to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In November 2020, Gibbs pleaded guilty to that charge and was sentenced to a term of 200 months of imprisonment and 5 years of supervised release. Gibbs appealed the sentence, and we remanded for resentencing based on a sentencing error. *United States v. Gibbs*, 26 F.4th 760 (7th Cir. 2022).

Before resentencing, the United States Probation Office prepared a revised Presentence Investigation Report (PSR) recommending twenty-one conditions of supervised release, including conditions "m" and "r." Condition "m" provides:

> As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

Condition "r" provides:

> You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

At Gibbs's resentencing hearing, the district judge discussed with Gibbs his terms of supervised release. Towards the end of the hearing, the judge stated:

> [t]o promote respect for the law, prevent recidivism and aid in the adequate supervision Defendant shall also comply with the following conditions of supervision as referenced in the Presentence Report. And, Mr. Gibbs, you'll recall when we reviewed your report, I asked if you'd been able to read and discuss with your attorney the mandatory and proposed conditions of supervision.

Gibbs responded with an affirmative "[y]es, sir." The district judge also confirmed that Gibbs did not have any objections to those conditions and asked Gibbs if he wished to waive any formal reading of them. Gibbs responded, "Let's waive it, Your Honor." The district court recognized Gibbs's waiver and confirmed with Gibbs that he had discussed these conditions with his attorney, which Gibbs responded, "[y]es sir." The district court entered an amended final judgment on September 1, 2023.

## II.   ANALYSIS

Gibbs challenges, for the first time on appeal, the quoted supervised release conditions as impermissibly vague and overbroad. Acknowledging this misstep, Gibbs argues that his conduct was not intentional, and we should therefore review his appeal for plain error.

"The first step in plain[]error review, as the Supreme Court has repeatedly said, is to ask whether the defendant intentionally relinquished the challenge [he] now presents."

*United States v. Flores*, 929 F.3d 443, 444 (7th Cir. 2019). If the answer is yes, appellate review is precluded. *Id.* at 447.

Unraised arguments in the district court are characterized as either waived or forfeited. In the context of sentencing, we find "[w]aiver occurs when a party intentionally relinquishes a known right[,] and forfeiture arises when a party inadvertently fails to raise an argument in the district court." *United States v. Canfield*, 2 F.4th 622, 627 (7th Cir. 2021) (internal citations omitted). "We review forfeited arguments for plain error, whereas waiver extinguishes error and precludes appellate review." *Flores*, 929 F.3d at 447 (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). Whether an argument is waived requires us to review the record to determine whether the defendant's decision not to object or raise an argument was knowing and intentional. *United States v. Sutton*, 127 F.4th 1067, 1072 (7th Cir. 2025).

Here, Gibbs contends that his attorney's failure to object to the supervised release conditions was neither an intentional nor strategic decision. In the context of supervised release conditions, we hold that a defendant waives his objection "when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and [he] asserts (through counsel or directly) that [he] does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object." *Flores*, 929 F.3d at 450.

Based on the record, we see clear evidence that Gibbs made an intentional and informed decision not to object to the proposed supervised release conditions that he now

challenges on appeal, despite having a meaningful opportunity to do so. *Flores*, 929 F.3d at 449. Gibbs had advance notice of the proposed supervised release conditions in the revised PSR. At the resentencing hearing, Gibbs confirmed with the district judge that he had reviewed the proposed conditions of supervision with his attorney and had no objection. Gibbs also waived a formal reading of the supervised release conditions. These circumstances tend to demonstrate an affirmative waiver, not an oversight. *Id.* at 450.

Still, Gibbs argues that he forfeited rather than waived his challenges to the supervised release conditions because he did not make any objections at all to the conditions of supervised release, showing that he had nothing to gain from not objecting. This argument, however, ignores Gibbs's affirmative conduct at the resentencing hearing. By expressly acknowledging that he had reviewed the proposed conditions with counsel and representing that he had no objections, Gibbs knowingly and intentionally waived any challenges to the supervised release conditions. *United States v. St. Clair*, 926 F.3d 386, 388 (7th Cir. 2019) (citing *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016) (defendant waived objections to supervised release conditions where, after receiving advance notice of proposed conditions, defense said it had no objections to conditions)). This waiver precludes our appellate review, and we do not reach the merits of Gibbs's appeal.

We remind Gibbs, however, that if he believes his supervised release conditions are too ambiguous or overly encompassing, there is another avenue he can pursue. Title 18 U.S.C. § 3583(e)(2) allows Gibbs to petition the district court for a modification of his imposed conditions of supervised release before the expiration or termination of his supervised

released term. *Flores*, 929 F.3d at 451; *St. Clair*, 926 F.3d at 389; *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014) (the district court retains the ability to modify a defendant's conditions of supervised release at any time after his sentencing hearing).

### III.   CONCLUSION

Because Gibbs intentionally chose not to challenge the supervised release conditions below, waiver precludes our review. For these reasons, we AFFIRM the judgment of the district court.